## McDavitt, et al. v. Louisville & Nashville Railroad Company.

(Decided June 1, 1923.)

### Appeal from Warren Circuit Court.

Railroads—Cannot Construct Fence with Gate Across Established Passway Crossing Right of Way.—Where plaintiffs owned a passway appurtenant to their lands, which had been used without fences or gates for more than 30 years, and which was fenced off from the lands on the other side of a railroad right of way which it crossed, the railroad company was neither required nor permitted by Kentucky Statutes, sections 1789-1799, to put a fence with gate across the passway in complying with the notice of the landowner to construct the railroad's half of the division fence along its right of way.

GAINES & GARDNER and W. O. RODES for appellants.

BENJAMIN D. WARFIELD, JOHN B. RODES and RODES & HARLIN for appellee.

Opinion of the Court by Judge Clarke—Reversing.

Appellants own a tract of land adjoining on the west appellee's right of way, and for many years there has existed as an appurtenant thereto a passway across appellee's right of way and the lands of W. B. Caldwell, adjoining same on the east, to the public road. For at least thirty years, this passway has been fenced on both sides and has existed and been used, by appellants and their predecessors in title, as a lane without gates or other obstructions therein, except a gate leading into same at its beginning point on appellants' land, which is 171 feet west of the railroad.

In 1920, Caldwell built a division fence on half of his line touching the company's right of way, and in accordance with sections 1789-1799, Kentucky Statutes, required it to build the other half of same through which the above-described lane passed.

In building its part of the line fence, appellee was preparing to put a fence and gate across the lane, when appellants gave it written notice not to do so or obstruct the lane in any way. Appellee nevertheless built a gate and fence in the lane, and appellants then brought this suit for a mandatory injunction to require it to remove same.

The lower court, upon a final hearing, refused to grant the injunction and dismissed their petition, and they have appealed.

Not only is it shown without contradiction that this lane has been fenced on both sides for more than thirty years, but the map filed in evidence by appellee shows that where the passway crosses its right of way it is flanked upon either side by fences and cattle guards. It is apparent, therefore, that to inclose appellee's and Caldwell's lands, it was not at all necessary to build a fence and gate across the lane. A fence built along his line on either side of the lane and joined to the fences on either side thereof, would have accomplished fully the desired result and left appellants' lane unobstructed.

To leave the gate in the lane seriously impairs and reduces in value a right attached to appellants' land without compensation therefor, affords the railroad no additional protection against Caldwell's cattle, and relieves the latter of the duty of maintaining his part of the fences inclosing the lane through his lands, if such duty exists, a matter not disclosed by the record.

It would be queer indeed, if, under such conditions, the statutes, as appellee contends, either permit or require it to put a fence and gate across appellants' inclosed passway. That they do not do so is clear to our minds. In fact, the dividing line between appellee's right of way and Caldwell's land does not cross this inclosed lane at all in so far as the right of either to fence his own land is concerned. And if, as is clearly the case, neither the railroad company nor Caldwell has the right to obstruct appellants' inclosed passway, except as a result of the statutory duty of either at the instance of the other to build one-half of a division fence between their lands, it is manifest that the right does not exist at all unless the statute expressly and clearly confers it, conceding, for the sake of argument, such power in the legislature. But there is no such express provision in the statutes, *supra,* or language indicating in the remotest way that the legislature so intended.

We therefore conclude that appellee was without right to place the fence and gate in the inclosed passway, and that the lower court erred in refusing to order its removal.

Wherefore the judgment is reversed, for proceedings consistent herewith.