## Barker et al. v. Eades.

Sept. 26, 1941.

John S. Deering and Wm. Hill Mackey for appellants.

L. O. Thompson for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

Thomas J. Coffey's will was probated in October, 1934, and we are called upon to review a judgment of the court of first instance construing the will. Omitting preliminaries we quote so much as is pertinent:

"I will to my grandson Willis Gibson Eades $5.00. I will and bequeath to my wife Mary Alice Coffey the remainder of my property both real and personal and at her death, what property left, if any, be divided equally between my daughter Willie Lee Barker and my granddaughter Vernie Alice Bond."

The record shows that at his death he owned a tract of land in Jessamine County containing about 63¼ acres, the title to which is apparently the subject of controversy, since the only claim set up by parties is the proper division of the real estate, or its proceeds after a sale, which is sought.

Willie Lee Barker died intestate after the death of testator, leaving surviving the appellants Louis and Charles Barker. Vernie Bond is the daughter of Mattie Coffey Simpson, and granddaughter of testator. Mrs. Simpson and her husband died before testator. Mary Alice Coffey, widow of testator, died in 1940, and had not disposed of the real estate owned by testator at his death. William Eades is the only child of a daughter of

testator, Beulah Coffey Eades, the latter dying intestate in 1907.

The above facts are manifested in the petition, which alleges that under a proper construction of the will the widow took fee simple title to the property. William Eades refused to take under the will and insists that he is entitled to an undivided one-third interest in the real estate. Defendants by answer admit the facts stated in the petition, but contend that the true meaning of the will is that Mrs. Coffey took a life estate with remainder to Vernie Bond and the Barker children.

It is noted that considerable proof was introduced showing that there was perhaps some estrangement between testator and appellant, and that third parties had heard testator say that he did not "want the Eades to have any of his property." This evidence was challenged by exceptions, which the court did not directly rule upon, though from his judgment he apparently concluded that it was irrelevant, and in so determining the chancellor was correct as he was in holding that the widow took fee simple title to the estate, adjudging that appellant was entitled to a one-third undivided interest in the tract of land, by inheritance from his grandmother.

The correctness of the court's ruling is so well established by decisions in this court that it would be useless to do more than cite the two recent cases which we conclude are decisive, and refer to many cases upholding the principle that where property is devised absolutely, and by another portion of the will the maker undertakes to dispose of what is left at the death of the chief beneficiary the attempted limitation is void.

We have reference to Walker v. Butler, 284 Ky. 179, 144 S. W. (2d) 210, and Scott v. Smith, Jr., 286 Ky. 697, 151 S. W. (2d) 770. In the latter case this court, adopting the opinion of the chancellor, cited cases holding to the principle and distinguishing those which by the use of certain incorporated language, clearly showed a devise or bequest for life, with remainder. As particularly fitting to the instant case where there was no expressed power to sell or dispose of the property, see Whicker v. Strong, 258 Ky. 135, 79 S. W. (2d) 388, and cases cited.

The argument of counsel to the effect that the court

below, and this court, should give controlling weight to the fact that the testator had manifested a contrary intention, is answered in the Scott v. Smith case, supra.

Our conclusion is that the chancellor's judgment was correct, and the same is affirmed.