# Ridley et al. v. Shepard.

Feb. 2, 1943.

Dowling & Baird, Davis Williams and Pentecost & Dorsey for appellants.

Odie Duncan and Woodward, Dawson & Hobson for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

J. U. Ridley died, testate, in January, 1933, a resident of Henderson county. His wife died, intestate, in January, 1941. His will, probated shortly after his death, recites:

"I, J. U. Ridley, of Henderson, Kentucky, being of sound mind and disposing memory, do hereby make and publish this as my last will and testament, revoking all former wills:

"First: I desire that as soon after my death as possible all my debts and funeral expenses be paid.

"Second: All property of every kind and character that I may own I will, devise and bequeath to my beloved wife, Emma Ridley, to be hers absolutely and to do with as she pleases, with power to sell, convey, dispose of, encumber or to handle in any way she may see fit and proper. However, at the death of my wife, Emma Ridley, if there be any property remaining of my estate and not used or spent by my wife, I direct and desire that it be divided equally between my five brothers and sister, or their children if they be dead, by each taking a one-sixth interest and a one-sixth interest going to my niece, Marguerite Shepard.

"Third: I nominate and appoint my wife, Emma Ridley, and my brother-in-law, John Kavanaugh, as executors of this my last will and testament and request that they be permitted to qualify without bond.

"Witness my hand this 25th day of February, 1928.

"J. U. Ridley, M. D.

"The above will was signed and acknowledged by J. U. Ridley to be his last will and testament in our presence and signed by us in his presence and in the presence of each other, this February 25, 1928.

"E. C. Selle
"Chas. M. Meade."

A part of the property devised by the will consists of four houses and lots in the city of Henderson, three of which were conveyed, without consideration, by Mrs. Ridley to appellee Marguerite Shepard, her niece, in the year 1937. The fourth was conveyed by Mrs. Ridley to Elliot Knight and his wife on September 6, 1940, and by them was conveyed to appellee on the following day.

After Mrs. Ridley's death, appellants, the living brothers and sister and the children of those who were dead, brought this action to set aside the conveyances

recited above, contending that the will of Mr. Ridley created a trust in their favor in the property conveyed to Miss Shepard, rendering Mrs. Ridley legally powerless to alienate the property. Miss Shepard contends that the will, properly construed, devised to Mrs. Ridley a fee simple title to the entire estate of her husband, but, if wrong in that contention, the will gave Mrs. Ridley express authority to convey the property before her death. The chancellor was of the opinion that by the terms of Mr. Ridley's will, his wife was devised a fee simple title to his entire estate and accordingly sustained the demurrer to appellant's petition.

Appellants rely solely on the opinion of this court in Williams v. Williams' Committee, 253 Ky. 30, 68 S. W. (2d) 395, as authority for their contention; while appellee relies upon the principles enunciated in American Law Institute's Restatement of the Law of Trusts; Ewering v. Ewering, 199 Ky. 450, 251 S. W. 645; Nelson v. Nelson's Ex'r, 140 Ky. 410, 131 S. W. 187; Plaggenborg v. Molendyk's Adm'r, 187 Ky. 509, 219 S. W. 438; Weller v. Dinwiddie, 198 Ky. 360, 248 S. W. 874, 875, and, Barker v. Eades, 287 Ky. 579, 154 S. W. (2d) 546. We see no material distinction in the wordings of the wills construed in the cases relied upon by appellee and the words employed in the Ridley will. In each of the cases cited by appellee, as in this, the will devised the property absolutely, and, in a subsequent clause, attempted to dispose of any property remaining at the death of the first taker which had not been disposed of by the first taker in his lifetime. The Williams case is clearly distinguishable from the one under consideration in this case. In the former, the property devised to the first taker was, by a subsequent clause, devised over in its entirety to the second taker: thus definitely describing the property to be held in trust. In that case, section 37, of the tentative draft of American Law Institute's Restatement of the Law of Trusts (which is incorporated in the permanent edition in Volume 1, section 25, pages 76 and 77) was cited with approval. That section provides that, in determining whether it was the intention of the settlor to create a fee simple title in the first taker or to create a trust for the benefit of the second taker, many circumstances are to be taken into consideration, among which is the definiteness or indefiniteness of the property devised. To satisfy the requirements for determining that a trust has been created, the subject matter of the trust

94

must be definite or definitely ascertainable from facts existing at the time of the creation of the trust. American Law Institute's Restatement of the Law of Trust, Volume 1, section 76, page 226. In the third comment under that section it is said: "A trust cannot be created if the thing which would be the subject matter of the trust cannot be ascertained until a future time."

Illustrative of this rule, the text recites: "A declares himself trustee for B of such securities as A may own on January 1st, next. No trust is created."

In the case of Ewering v. Ewering, supra [199 Ky. 450, 251 S. W. 647], the rule is stated in other words:

"* * * When, therefore, a will devises or bequeaths property to one absolutely, and in a subsequent clause all of the same property is disposed of to others after the death of the first taker, the latter will be deemed as having only a life estate in it; but, if the limiting clause purports only to dispose of that portion of the property which the first taker does not consume or dispose of, and therefore operates only on some remaining portion of it, it will be given no effect, and the first taker will be deemed as taking an absolute estate, since in that event his absolute estate, with the accompanying right to dispose of the property is not curtailed or diminished in any respect. * * *".

The will under consideration in the Williams case recites [253 Ky. 30, 68 S. W. (2d) 396]:

"2nd. I will, bequeath, and devise to my beloved wife, Mary A. Williams, all of my property real and personal to be hers absolutely. It is my desire and I request that if I pre-decease her, then before her death she make a will giving to her people one-half (½) of my property, and to my people the other one-half (½)."

Applying the rule to that clause of the will, it is obvious that the described property meets the test of the rule, because the will requested the wife of the settlor to give "to her people one-half (½) of my property and to my people the other one-half (½)." The whole of the property thus described was definitely ascertainable from facts existing at the time of the creation of the trust, and one-half of the property was equally ascertainable. The Ridley will, as well as each

of the wills construed in the cases cited in support of the contention of appellee, provides that the devise over should consist of that indefinite portion of testator's property which shall not have been disposed of by the first taker in her life time. Such portion is so indefinite as not to meet the test of the rule in respect to the creation of a trust, because the subject matter is not ascertainable from facts existing at the time of settlor's death. It follows that the precatory words purporting to devise to appellants that portion of the property which Mrs. Ridley shall not have disposed of during her lifetime cannot be construed as a limitation upon the absolute estate devised.

An additional reason, supporting the contention of appellee and the decision of the chancellor, is that by the very terms of the will, Mr. Ridley gave to his wife the power to convey any or all property described therein. There are no words of limitation upon this power; and, the fact there was no consideration for the conveyance, does not militate against the exercise of the power created by the express terms of the will.

The judgment is affirmed.