232 S.W.2d 347 (1950)
SWANGO et al.
v.
SWANGO'S ADM'R et al.
Court of Appeals of Kentucky.
May 26, 1950.
W. L. Kash, Irvine, Roger Womack, Carlisle, for appellants.
Eldon S. Dummit, Lexington, Henry Howe Bramblett, Mt. Sterling, William Conley, Carlisle, for appellees.
CLAY, Commissioner.
In this declaratory judgment proceeding the question is whether or not the Chancellor properly construed the provisions of a will.
In 1935 Dr. L. K. Swango died, leaving a will which provided, in so far as pertinent here, as follows (our italics):
"I bequeath all my land, if any and all my bonds, notes, if any, all my household furniture, ready money, securities for money accounts, goods and chattels and all other parts of my real and personal estate and effects whatsoever and wheresoever, unto my wife, Jimmie Swango, to and for her absolute use and benefit according to nature and quality thereof respectively, I want her to use the above to suit herself, to sell, trade or barter, or spend as she sees fit, subject only to the payment of my just debts, funeral expenses and the charge of proving and registering this, my last will.
"After my wife's death I desire the real and personal property, money if any, that may be left to be divided equally between my wife's and my heirs, and I appoint my said wife executrix of this my last will without bond and thereby revoke all other wills."
The testator's widow qualified as executrix, took over all of her husband's property, and apparently never filed an inventory or made a final settlement. In 1949 she died, leaving a will of her own wherein she disposed of the unused estate she had *348 received from her husband. This controversy arises between the beneficiaries under her will and the heirs referred to in the instrument quoted above. The Chancellor determined that she took her husband's property absolutely and in fee simple, and could therefore dispose of it by will.
It will be noted the testator first gave his property absolutely to his widow. In the second paragraph he expressed a "desire" that if any of the estate remained at her death it should be divided equally between the heirs of each. Thus we have a precatory expression which it is claimed was a limitation on the estate devised and bequeathed to the widow.
While this Court has repudiated the rule that where an absolute estate is devised, subsequent provisions will not be held to impair that estate, we still must seek out the true intention of the testator. A full discussion of the principles may be found in Ridley et al. v. Shepard, 293 Ky. 91, 168 S.W.2d 550, and Bosworth et al. v. Kilbourn et al., 304 Ky. 628, 201 S.W.2d 904.
In these cases it is pointed out that the wishes of the testator, indicated by such words as "wish," "request," "recommend," or "desire," are not deemed mandatory unless it appears a legal and enforceable obligation was intended to be created. Unless the context forces the conclusion that the precatory words were used in a stronger sense, they will not be construed as a limitation on the primary estate devised.
In the light of these principles, the second paragraph of the will quoted did not impair the estate created in the first paragraph. The testator gave all his property to his wife for her absolute use and benefit, and further emphasized her complete discretionary powers by stating that she was to use it "to suit herself." In the second paragraph of the will he apparently anticipated that all of the estate might not be consumed or disposed of by his wife, and in that event what remained he wished divided equitably.
Reading the entire will, it is clear to us that the testator intended no legal or enforceable limitation on the estate left to his wife, except possibly in the event she died without having disposed of a portion of it. Since she had, by use and by will, appropriated it all, there was no remaining estate in which appellants could share.
The judgment is affirmed.