Reba CREASON et al., Appellants,

v.

Marvin C. PRINCE, Individually etc., Appellee.

Court of Appeals of Kentucky.

Jan. 20, 1967.

As Modified on Rehearing June 2, 1967.

James G. Apple, Wheeler, Marshall & Manchester, Paducah, for appellants.

Boyce G. Clayton, Prince & Clayton, Benton, for appellee.

LYNDON R. SCHMID, Special Commissioner.

On November 2, 1962, Mayme C. Prince conveyed to Early Cross, her brother, by deed of trust certain real property which she had received under the will of her late husband Walter L. Prince.

Mayme C. Prince executed a will on December 18, 1963, and died on December 24, 1964.

Under the trust deed the trustee was required to perform certain duties, and at the death of Mayme C. Prince the cestui que trust the remainder in the trust estate was to be divided equally between Mary Brooks Cross, a sister-in-law, Reba Creason, a sister, Early Cross, a brother, and Marvin C. Prince, the plaintiff in the trial court and appellee here and the sole beneficiary under the will of Mayme C. Prince.

The trial court sustained a motion of the plaintiff for a summary judgment which had the effect of setting aside the trust deed and awarding to the plaintiff the fee simple title to the real property involved.

Therefore, on this appeal we have the sole question as to whether or not Mayme C. Prince had the right and power under the will of her husband, Walter L. Prince, to dispose of certain real property which passed under the will of Walter L. Prince by a deed of trust executed and delivered by her to the grantee during her lifetime.

For the sake of convenience we will reproduce here the pertinent parts of the will of Walter L. Prince:

"Item II. All the property, real and personal of every kind and description, and wherever situated which I may own or have the right to dispose of at the time of my decease, I give, bequeath and devise to my wife, Mayme Prince, absolutely and in fee simple, except as hereinafter provided.

"Item III. If Marvin Coleman Prince becomes a practicing attorney within the Commonwealth of Kentucky, then, in that event, I give, bequeath and devise to him all of my law library and all of my office equipment, including desks, chairs, typewriter and such other equipment, as is now located in my law office. If he does not become a practicing attorney in the Commonwealth of Kentucky, then, all my office equipment, law library, etc., shall become, under this will, the property of my wife, as aforesaid.

"Item IV. I make, nominate and appoint my wife, Mayme Prince, of Benton, Kentucky, to be the Executrix of this my last Will and Testament, with full power and authority, in order to pay all debts and all legacies heretofore given, and in order to carry into effect all provisions and purposes of this Will, to sell and dispose of any or all of my estate, real or personal, or both, for such prices and upon such terms of credit, or otherwise, and in such manner as my said executrix may deem best, and to execute and deliver to the purchaser, or purchasers, all necessary or proper deeds and other instruments of conveyance and transfer thereof. In order (sic) words, she is to have full right and full control to dispose of any property of any kind whatsoever, that I may own at the time of my death, as she sees fit and as she thinks will best serve her interest and comfort.

"She is not, however, as hereinabove stated, to sell my law library, office equipment, etc., if Marvin Coleman Prince is practicing law in the Commonwealth of Kentucky at the time of my death, but she is to turn it over to him, as hereinabove willed. But if he is not

practicing law in the Commonwealth of Kentucky at the time of my death, she will then sell and dispose of the law library, office equipment, etc., and use the proceeds thereof for her own use and comfort.

"Item V. If at the death of my wife, Mayme Prince, there is any of my estate left, then it is my will and desire and I give, bequeath and devise any residue thereof, to Marvin Coleman Prince, absolutely and in fee simple. This provision of this Will is not to, in any way, be construed so as to hamper my said wife, Mayme Prince, from using and disposing of, in any manner she may choose, any property of any kind whatsoever, with which I die seized."

Item II specifically gives to Mayme Prince, his wife, all of his property absolutely and in fee simple except as thereafter provided in the will.

The only exception which the will carries to a fee simple title to any property is contained in Item III of the will and is concerned only with the library, furnishings and equipment in the law office of the testator.

The disposition of this property is not in question in this law suit.

Item IV of the will appoints Mayme Prince as the executrix of the will and is specific in the powers granted her. The last sentence of the first paragraph of Item IV even goes so far as to reiterate and re-emphasize the fact that she is to have full right and full control to dispose of any of the property, regardless of its kind that the testator may own at the time of his death, as she saw fit and as she thought would best serve her interest and comfort.

The literal reproduction of the first phrase of the last sentence of the first paragraph of Item IV, which is "in order words," of course is to be properly inter-preted as "in other words." The word "order" undoubtedly being a typographical error.

Item V of the will of Walter L. Prince provides that at the death of his wife, Mayme Prince, if there be any of his estate left then it was his will and desire and he gave, bequeathed, and devised any residue thereof to Marvin Coleman Prince, absolutely and in fee simple.

However, there is immediately following and contained in the last sentence of this Item the following language: "(T)his provision of this Will is not to, in any way, be construed so as to hamper my said wife, Mayme Prince, from using and disposing of, in any manner she may choose, any property of any kind whatsoever, with which I die seized."

We doubt seriously if the testator could have expressed his will in any clearer or more forceful language.

We have examined the cases cited by appellee and appellants and believe the case of Swango v. Swango's Adm'r, 313 Ky. 495, 232 S.W.2d 347, comes closest to the facts shown in this case.

In fact, the only difference in the relevant facts of the two cases is that in the Swango case the court said that the words "wished," "request," "recommend," and "desire," are not deemed mandatory unless it appears a legal or enforceable obligation was intended to be created. In other words, those words were merely precatory.

In the case at bar we have the testator saying in Item V of his will: "(I)f at the death of my wife, Mayme Prince, there is any of my estate left, then it is my will and desire and I give, bequeath and devise any residue thereof, to Marvin Coleman Prince, absolutely and in fee simple."

Then the testator goes on in the very same Item and specifically removes any doubt as to any restriction on his wife

from using, disposing of in any manner she may choose any property of any kind whatsoever which the testator had at the time of his death.

The testator was a lawyer of long standing and much experience. He was undoubtedly acquainted with the disposition of property by trust deeds and by wills. If he had intended to preclude the transfer of this property by his wife by either will or by trust deed he would have plainly said so.

We are further of the opinion that numbered paragraph four of the Swango opinion is controlling in the instant case. For convenience we cite the paragraph as follows:

"Reading the entire will, it is clear to us that the testator intended no legal or enforceable limitation on the estate left to his wife, except possibly in the event she died without having disposed of a portion of it. Since she had, by use and by will, appropriated it all, there was no remaining estate in which appellants could share."

We are of the opinion that Mayme C. Prince had every right and power under the will of Walter L. Prince to dispose of the property inherited from him by her in any manner she chose or saw fit, and this included transferring it by a trust deed.

The trial court did not reach the other issues presented by the complaint, such as the question of undue influence, incompetence, failure of consideration, and waiver; hence, they are not involved in the appeal.

The judgment is reversed for further proceedings consistent with this opinion.

OSBORNE, J., not sitting.