## McElroy et al. v. Trigg et al.

Feb. 4, 1944.

544

Rodes & Willock and John B. Rodes for appellant.

Charles R. Bell and Paul Greer for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

Mrs. Litie McElroy died testate in May 1940, leaving personal property and securities valued at approximately $130,000 and two parcels of real estate in Bowling Green. Her will was executed in 1936 and contained twenty-four numbered clauses. She was survived by three half brothers and four half sisters. By various numbered clauses of her will she made specific bequests to others than her brothers and sisters and their children, amounting to approximately $13,000. To each of her brothers she made bequests of $2,000 and to each of their children, $1,500. To her two sisters, Charlotte and Haidee, she bequeathed $5,000 and to the children of one of these sisters, $1,500 each. Each of the families thus received bequests varying from $5,000 to $8,000.

The eighteenth clause of the will was: "To my two sisters, Mary Frances Krueger and Pearl Shuster I give all my United States bonds amounting now to twenty thousand dollars ($20,000) par value, each to share alike."

The nineteenth clause bequeathed to the sister, Mary Frances Krueger, the contents of the testatrix' home. A residuary clause provided that after the payment of debts and specific legacies the remainder of the estate was to be divided equally among the three brothers and four sisters.

At the death of the testatrix her estate included United States bonds aggregating $32,500. In this action by the executor for a construction of the will it was adjudged that the sisters, Mary Frances Krueger and Pearl Shuster, took only $20,000 of the United States bonds under the eighteenth clause and that the remaining $12,500 of such bonds passed under the residuary clause equally to the three brothers and four sisters. This appeal questions the correctness of that judgment.

By virtue of KRS 394.330 a will speaks and takes effect as if it had been executed immediately before the death of the testator, unless a contrary intention appears by the will. Consequently, all of the United States bonds owned by the testatrix at the time of her death passed under the eighteenth clause unless the

phrase "amounting now to $20,000, par value," was intended by the testatrix to limit and restrict the amount of the bonds thus passing to $20,000. And, while the will speaks as if it had been executed immediately before the testatrix' death, the intention of the testatrix must be ascertained in the light of the circumstances and conditions surrounding her at the time the will was executed. Howe v. Howe's Ex'x, 287 Ky. 756, 155 S. W. (2d) 196.

While the question confronting us is not wholly free from doubt, certain considerations indicate that the testatrix intended that all the United States bonds owned by her at the time of her death, regardless of amount, should pass under the eighteenth clause. She had made a large number of bequests, each in a specific sum, followed by a residuary clause contemplating the conversion of all of her estate into money. If she had intended to give her two sisters only $20,000 by the controversial clause, it seems that she would have thus provided specifically, which she did not do. But the most significant feature indicating the intention of the testatrix is the use of the word "now." Had this word been omitted, there would be more force to the argument that the testatrix intended to give to the two sisters only $20,000 in United States bonds. But, by the use of this word, she indicated that she was not limiting the bequest to $20,000 but that, on the contrary, she contemplated that she might thereafter increase or diminish the amount of the bonds and desired the two sisters to have whatever amount of bonds she had at the time of her death. We think the use of the word "now" indicates with a fair degree of certainty that the phraseology following the words, "all my United States bonds," was merely informative, rather than descriptive or definitive, and was not intended to limit or restrict the bequest of the bonds to $20,000.

It is suggested in behalf of the appellees that equality in division of the estate is better served by the construction given the will by the judgment. If an equal division of the estate between her brothers and sisters had been intended by the testatrix, there would be some force in this suggestion but the will clearly shows that the testatrix did not intend equality between brothers and sisters. She clearly intended to prefer the two sisters mentioned in the controversial clause.

The appellees rely strongly on Dockery's Ex'rs v. Dockery, 170 Ky. 194, 185 S. W. 849. There, the testator devised "all my four farms on the Cumberland River in the Hereford bottom in Russell County * * *. That is all the land I own on the Cumberland River, to the value of $15,000." It was held that after-acquired land on the Cumberland River did not pass under the devise. But the basis of the holding was that the will disclosed the testator's intention that it should not so pass, since the will clearly revealed an intention to divide the estate equally between two brothers and inclusion of the after-acquired land in the devise would result in defeating the testator's purpose of an equal division. In the case before us, however, there was no purpose of an equal division and the will indicates the intention of the testatrix that after-acquired United States bonds should pass under the devise in question.

The judgment is reversed with directions to enter a judgment in conformity with this opinion.

Whole Court sitting.