## Donelson's Ex'r v. Coates et al.

Feb. 13, 1945.

J. P. Chenault and H. D. Parrish for appellant.

John Noland and H. O. Porter for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This appeal involves the construction of the will of Zelia Donelson who died January 21, 1941, a resident of Madison county. Zelia Donelson was the maternal aunt of appellant, Harry D. Rice, and appellee, Zelia R. Coates. On August 24, 1927, she executed her will, the pertinent parts of which read:

"Third: The residue of my estate of every kind and character, I give bequeath and devise to Harry D. Rice and Zelia R. Coates, equally.

"Fourth: It is my desire and I hereby direct that the part that I herein give, bequeath and devise to Harry D. Rice be free from any debts that he may have at the present or hereafter contract, and that in the event of his death without heirs, that the estate that I have herein willed him shall go to his sister Zelia R. Coates, if living, and if not living, to her descendants, exclusively.

"Fifth: I desire that the part of my estate which I have bequeathed to Harry D. Rice be held by a trustee to be named by him, that in the event he fails to nominate a trustee that the Judge of Madison County shall name one, and that that part of my estate which shall go to him be held in trust for his use and benefit until he arrives at the age of fifty years, and then be turned over to him with such accumulations as have not been disbursed for his use and benefit.

"Sixth: I make, nominate and appoint Z. T. Rice, (Brick) the executor of this my last will and testament, and in full confidence that he will carry out to the very best of his ability the provisions contained herein.

"Dated at Richmond, Kentucky, this 22 day of August, 1927.

"I also name A. T. Coates & Harry Rice

"(Signed) Zelia Donelson"

On September 10, 1932, she executed the following codicil to her will:

"Codicil—Lancaster, Ky., Sept. 5, 1932

"I hereby revoke section 4th & 5th of my will dated Aug. 22nd, 1927 and have the same as applies to Zelia Rice Coates—it is my most earnest desire that no checks or notes be counted against either, but what I have, at my death, be divided equally, as I have done my best to be just with each. I also want to add $1000.00 for Rachel Ford Coates, the same as I have given Tom Rice Coates—except I want each to have the interest paid yearly for their use.

"(Signed) Zelia Donelson"

On January 16, 1939, she executed this codicil:

"Codicil to my will dated Aug. 24th, 1927 I also desire and request that Rachel Ford Coates be given $1000.00 the same as Tom Rice Coates and it be handled in the same manner except—that the income on it, for both Tom Rice Coates and Rachel Ford Coates, be paid over to their Mother Zelia Rice Coates, to be used for their benefit.

"On the first page and under section sixth where I have added, 'I also name A. T. Coates and Harry Rice' I want it understood that this is to be construed as having them to act jointly with Z. T. Rice as executors.

"Under section fifth of my will where I specify the part of my estate which I have bequeathed to Harry D. Rice be held by a trustee &c, until he is fifty years old, I desire it sixty instead of fifty. Should he die before the age of sixty and have no children, I devise that part of the estate in trust for the share Harry D. Rice shall go at once to his sister Zelia Rice Coates. Should there not be sufficient amount left from my personal property after all expenses are paid to carry out my requests as to Tom Rice Coates & Rachel Ford Coates, then it is my will and desire that my real estate be required to take care of it. It is my desire that anything or money that I have advanced to either Harry D. Rice or Zelia Rice Coates be cancelled at my death whether secured by note or otherwise I desire that both my personal property and real estate be sold as soon as practicable after my death.

"Witness my signature this 16th day of January 16th, 1939.

"(Signed) Zelia Donelson"

The two codicils were in the handwriting of the testatrix.

Conceiving that the devise to him under the will and codicils was an absolute fee, Harry D. Rice brought an action in the Madison circuit court against his sister, Zelia R. Coates, in which he asked for a construction of the will and for a declaration of the rights of the parties. He sued as executor of the will of Zelia Donelson and as co-devisee. His coexecutor, Z. T. Rice, was also a party to the action. The court adjudged that "clauses No. 4 and No. 5 of said will were revived and modified by the last codicil of said will so as to impose a limited fee on the share of plaintiff, Harry D. Rice, the same to be held in trust for his use and benefit until he arrives at the age of 60 years old at which time the fee shall be turned over to him and should the said Harry D. Rice die before arriving at said age said trust fund, except the accumulation, if any, shall immediately vest in the defendant, Zelia Rice Coates, and the same shall be turned over to her by said trustee." It is argued on this appeal that clause 3 of the will gives Harry D. Rice an absolute fee in one-half of the residuary estate, and that the precatory words used in the 5th clause of the will and in the second codicil cannot cut down or limit the fee simple estate theretofore created to a smaller estate. The cardinal rule of testamentary construction is to ascertain the intention of the testator and give it effect, and such intention must be collected from a consideration of the provisions of the will taken together. Corbin v. Manley, 291 Ky. 289, 164 S. W. 2d 394; Biggs v. Fidelity & Columbia Trust Co., 273 Ky. 54, 115 S. W. 2d 298. We have said that a will is not complete until signed and therefore must be considered "by its four corners", regardless of an initial fee simple devise. In Greenway v. White, 196 Ky. 745, 246 S. W. 137, 139. 32 A. L. R. 1385, the court said:

"* * * it may be admitted that some of the earlier decisions, including, perhaps, some from this court, under the ancient common-law doctrine that there could be no limitation upon a fee, held that, where a will or other instrument of conveyance gave an estate absolutely to one with express or implied power of unrestricted disposition, the estate could not be reduced by any subsequent provision of the instrument, but the courts generally, including this one, have long since come to the conclusion that the rule requiring the inten-

tion of the maker, either of a will or deed, as gathered from the entire instrument, to prevail, overshadows and dispenses with the ancient technical, common-law rule, and that, where it appears from the entire language of the will or deed that it was the intention of the maker to limit the estate given or granted to less than an absolute one, that intention will prevail.''

When the will of Zelia Donelson is considered in its entirety, it is clear that the testatrix intended by clauses 3, 4, and 5 of the will executed in 1927 to give to Harry D. Rice one-half of the residue, to be held in trust until he reached the age of 50 years, when it was to become his property in fee. In the event he died before the age of 50 without leaving issue, the property was to go to his sister. It is equally clear that by the codicil dated January 16, 1939, the testatrix intended that his portion of her estate shall be held, in trust for him until he is 60 years of age, when he takes an absolute fee, but if he dies without issue before reaching that age the property goes to appellee. The word ''desire'', as used in clause 5 of the will and in the second codicil, is mandatory and not precatory. The words ''wish'', ''want'', and ''desire'' in their ordinary and primary meaning are precatory, but when used in a will are construed as mandatory when it appears from the context that they are the expression of the testator's intention in making disposition of his property. In Froage v. Fischer, 291 Ky. 655, 165 S. W. 2d 358, 359, the court construed the will of Anne Boswell Froage. In the 2nd and 3rd clauses of her will she gave all of her property to her husband, Dr. G. B. Froage, in fee simple. The 5th clause of the will read:

''It is my wish that Dr. Froage will help Gardner Smith with his education and at the death of Dr. Froage Gardner shall have Ten Thousand ($10,000) and the rest of the estate that has come from me shall be divided between Ellen Boswell Sherman and Billie Fisher, oldest son of Elizabeth Boswell Fisher.''

We held that the word ''wish'' was mandatory and that the testatrix, by clause 5 of her will, reduced to a life estate the fee theretofore devised in clauses 2 and 3. It is obvious that the will before us was written by a woman who was unfamiliar with the technical meaning of terms employed in writing wills, but when the will in its entirety is considered, it is clear that she used the

word "desire" as equivalent to "direct." As used throughout the will and codicils, the word "desire" expresses testamentary intention and is dispositive in nature.

The chancellor adjudged correctly that appellant's share of the estate shall be held in trust until he reaches the age of 60 years. It appears that appellant is about 49 years of age and married and has no children, but he may die before reaching the age of 60 years and leave children. The judgment fails to provide for such a contingency, and this is error. It was the intention of the testatrix that appellant's children, if any, should take the property if he died prior to the expiration of the trust.

The judgment is reversed, with directions to enter a judgment in conformity herewith.