## Berner et al. v. Luckett, Commissioner of Revenue, et al.

March 20, 1945.

Wm. Marshall Bullitt, Leo T. Wolford, Bullitt & Middleton, Frank Ropke, and W. S. Heidenberg for appellants.

Eldon S. Dummit, Attorney General, and M. B. Holifield, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The primary question in this appeal involves the construction of the will of Henry E. Bills. Aside from directing that the just debts and funeral expenses of the testator be paid, the will provides:

"2. After the payment of my said debts, I give and bequeath to my beloved wife, Carrie, all my estate of every kind and description, real, mixed and personal, with full power to sell, mortgage or otherwise convey or dispose of any part of same and pass a good and valid title thereto. At the death of my said wife, I desire all of the property undisposed of by her to go to my children, share and share alike. Should any of my said children die before the death of my wife, leaving issue, such issue shall inherit the parent's share. In case my wife should die before all or any of the said children shall have attained the age of twenty-one years, then I desire the share so coming to such child or children under the age of twenty-one to go to the Louisville Trust Company, as Trustee, to hold the same as such until such child or children shall have attained the age of twenty-one, at which time such trust shall cease."

Should my wife remarry, then I desire that the amount of the estate then left in her hands be ascertained and my said wife to take one-third of the estate, the remaining two-thirds to be divided among my children, in the same manner as the estate that would descend to them on the death of my wife."

"4. I appoint my said wife executrix of this, my last will, and desire that no inventory or appraisement of my estate be made and that no bond be required of her."

Mr. Bills died in 1918, survived by his wife, Carrie Bills, and seven children. Inheritance taxes were assessed upon the theory that Mrs. Bills took only a life interest in the property. Mrs. Bills died in 1938. Shortly after her death the Department of Revenue of the Commonwealth contended that she took a fee simple interest rather than a life estate under her husband's will, and assessed inheritance taxes upon that theory. The position of the Commonwealth was upheld in the Franklin Circuit Court; hence this appeal.

Questions other than the construction of the will have been raised in the proceeding, but it is unnecessary to discuss them, because we have reached the conclusion that inheritance taxes were properly assessed in the first instance. It is our opinion that Mrs. Bills took only a life estate under the will.

Rarely can two wills with like wording be found. In most instances they are written by laymen, so the difficulty confronting courts in construing them is at once apparent. The cardinal rule of construction which has been followed in this jurisdiction for many years is to ascertain the intention of the testator and give it effect. The intention must be ascertained from a consideration of the will as a whole, since a will is not a complete instrument until it is signed. In other words, we look to its four corners when its construction is under consideration. Zelia Donelson's Ex'r v. Zelia R. Coates, 299 Ky. 608, 186 S. W. 2d 420, decided February 13, 1945. It is true, however, that this Court, since the case of Clay v. Chenault, 108 Ky. 77, 55 S. W. 729, has adhered to a rule of construction to the effect that, where there has been an absolute gift of a fee with unlimited power of disposition, a gift over of what remains of the corpus of the estate after the death of the first taker is void. On the other hand, we have continued to hold that, where there is a gift over of the entire estate, the first taker takes only a life interest in the property, notwithstanding the fact the will employed language giving him an absolute fee. The Commonwealth earnestly insists that Mr. Bills' will falls under the former class, while the

appellants insist with equal force that Mrs. Bills took only a life interest in the property.

Very plausible arguments have been advanced to this Court in recent years for the abolition of the void gift over rule on the theory that it runs afoul of the cardinal rule of construction, namely, look to the instrument as a whole to ascertain the intention of the maker. We are frank to admit that a review of some of our decisions involving the question under consideration here indicates that there have been instances where our decisions have apparently defeated the intent of the maker of the will. We have read and re-read Mr. Bills' will, and have reached the conclusion that the abolition of the rule holding a gift over of a remnant of an estate as void is not necessary in order to sustain the construction which we have placed upon it. We take this position because we think this is a clear-cut case where a review of the instrument as a whole shows that it was never Mr. Bills' intention to give an absolute fee to his wife with unlimited power of disposition. In this connection it may be said that a part of the confusion which has resulted from our decisions is that in some instances we have failed to determine the character of estate given the first taker by applying first the cardinal rule of construction. In other words, we have looked to one sentence or one clause of a will and from that determined that an absolute fee with unlimited power of disposition was given the first taker. The case of Walker v. Butler, 284 Ky. 179, 144 S. W. 2d 210, illustrates this point.

To hold that Mr. Bills gave his wife an absolute fee would completely destroy every provision of his will, with the exception of the first sentence, aside, of course, from the provisions directing the payment of his debts and funeral expenses. It would be necessary for us to ignore the provision directing that the undisposed part of his estate go to his children, share and share alike; the direction that should any child die before his wife, leaving issue, the issue should inherit the appellant's share; the direction that the Louisville Trust Company hold as trustee the share of any child under 21 in the event the wife died before the child reached that age; and the provision that, in the event the wife should remarry, the amount of the estate be ascertained and that she take a one-third share with the remaining two-thirds going to the children equally.

There is basis also for the contention that the first sentence of Clause 2 did not give Mrs. Bills a fee simple estate with absolute power of disposition. She was given all of the property "with full power to sell, mortgage or otherwise convey or dispose of any part of the same and pass a good and valid title thereto." The only ground upon which it can be contended that an absolute power of disposition was given the wife is the use of the word "dispose"; but it must not be overlooked that this word is used in connection with the words "sell, mortgage or otherwise convey," and also that the wife could "pass a good and valid title." As a general proposition, the expression "pass a good and valid title" applies to deeds and not to wills. We think this view is strengthened when the second sentence of the will is considered in connnection with the first, wherein Mr. Bills directed that the property "undisposed of" at the time of his death should go to his children. We believe it was Mr. Bills' intention to give all of his property to his wife for life, or so long as she remained unmarried, with full power to encroach upon the corpus. Of course it would be a relatively simple matter to so construe the will had it been couched in those terms, but, as indicated above we think that was clearly Mr. Bills' intention from an analysis of his will as a whole.

The Commonwealth takes the position that the word "desire" used by Mr. Bills throughout the will, aside from the first sentence, was used in a precatory sense; but in the Coates case, supra (299 Ky. 608, 186 S. W. 2d 420), it was said:

"The words, 'wish', 'want,' and 'desire', in their ordinary and primary meaning are precatory, but when used in a will are construed as mandatory when it appears from the context that they are the expression of the testator's intention in making disposition of his property." The case of Froage v. Fisher, 291 Ky. 655, 165 S. W. 2d 358, is cited in support of that statement. The word "desire" was used in the Coates case and the word "wish" was used in the Fisher case. Both were held to be mandatory and not precatory in nature. It is obvious from what we have said heretofore about Mr. Bills' will that we think he used the word "desire" in a mandatory rather than a precatory sense, because he was using the word in making disposition of his property.

It follows from what has been said that the judg-

ment should be and it is reversed, with directions that it be set aside and for the entry of a judgment consistent with this opinion.