## Jacob v. Barnard et al.

April 30, 1948.

A. H. Barker for appellant.

W. Marvin Davis for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On March 3, 1924, H. J. Barnard, who was a resident of Pendleton County, Kentucky, executed his will. After directing payment of debts and expenses the will contains this provision: "I give, devise and bequeath to my beloved wife, Martha Barnard, all my Real Estate, Personal property or mixed, including all cash, bonds, or other property I may have at the time of decease to have and to hold and use as she thinks best and at her death what remains is to revert to my Brothers and Sisters or their heirs, share and share alike."

No children were born to Mr. and Mrs. Barnard, the latter of whom survived him. The heirs and devisees of "what remains" after the death of Mrs. Barnard took charge of the property and held and occupied it, later filing this action for its sale for the purposes of division. At the sale the appellant, Joseph Jacob, became the purchaser. He filed exceptions to the report of sale raising the question as to whether or not Mrs. Barnard took a fee under the will of her husband or only a life estate.

The court overruled the exceptions and adjudged that the "remnant" clause of H. J. Barnard's will was valid under the court's interpretation that the wife was devised only a life estate with, perhaps, the right to encroach upon the corpus if necessary for her comfortable support and maintenance.

The question submitted — though raised in a different manner — is on all fours with the one deter-

mined by us in Hanks v. McDanell, 307 Ky. 243, 210 S. W. 2d 784. That opinion also considers and determines all the questions raised in this litigation and such determination supports and upholds the judgment appealed from herein.

We deem it unnecessary to repeat the reasons for our conclusions reached in the Hanks case, since such information may be easily obtained by reference thereto. Still approving the conclusions reached in that opinion it follows that the judgment of the court was and is correct, and it is affirmed.