231 S.W.2d 70 (1950)
STEWART
v.
MORRIS et al.
Court of Appeals of Kentucky.
March 24, 1950.
Rehearing Denied June 23, 1950.
Leslie W. Morris and Marion Rider, Frankfort, for appellant.
Kingsolving & Reasor, Shelbyville, for appellees.
SIMS, Chief Justice.
In this declaratory judgment action we are asked to construe the will of W. J. Stewart who died on April 9, 1948, a resident of Shelby County, Kentucky, and left an estate consisting of 7 acres of land and some personal property, all of which was appraised in round numbers at $7600. The will reads:
"Frankfort, Ky Oct 2th 1944 this is my last Will and Testiment I W. J. Stewart Will & bequeth all of my estate & Personal property to my Wife Nannie M. Stewart to use as She cares to after payment of my debts & Furnal expences. I want her to act as Administrator. Without Bond and at her Death and her Furnal expences are Paid if anything is left to be equely divided between my children namely Blanche, *71 Frank, Paul, Irma, Evelyn, Mary Lee, Edwin"
The chancellor adjudged that the widow took a life estate with the power to encroach upon the corpus "as may be necessary for her reasonable support, maintenance and enjoyment, but that the necessity for said encroachment is a question of fact to be determined by a court of general equity jurisdiction upon a proper showing by plaintiff for the necessity thereof."
It is insisted by the widow that she took a fee under the will; if not, then she is vested with the absolute right to make such use and disposition of the estate as she may desire, and that only such property as remained undisposed of by her passed to the remainderman. The children of the first marriage (appellees) contend that the widow took only a life estate with power to encroach upon the corpus only for her reasonable and necessary support, maintenance and enjoyment, if and when a court of equity found such encroachment to be necessary.
Before the decision in Hanks v. McDanell, 307 Ky. 243, 210 S.W.2d 784, the rule was that where property is devised to one absolutely with unlimited power of disposition, and by a subsequent provision of the will the testator undertakes to devise whatever may be left of the property at the first taker's death, the limitation over is void and the first taker acquires a fee. Walker v. Butler, 284 Ky. 179, 144 S.W.2d 210; Gwinn v. Gwinn's Adm'r, 287 Ky. 795, 155 S.W.2d 227. Appellant realizes the Hanks opinion changed this rule and held that if upon reading the will as a whole, it is ascertained that in making the devise over of the remnant it was the intention of testator to limit the first taker to a life estate, such devise over or limitation is valid and a life estate is all the first taker acquires. However, she insists that as her husband died on April 9, 1948, she acquired a vested right under his will on that date which will not be disturbed under the Hanks opinion decided April 23, 1948, since it is stated therein that the change in the rule of such long standing is to be prospective and will not affect vested rights.
It is the contention of appellees that even prior to the decision in the Hanks case on April 23, 1948, the will in question would have been construed as giving the widow a life estate with power of encroachment upon the corpus if necessary for her enjoyment and maintenance. With this we are unable to agree. The first paragraph of Mr. Stewart's will reads: "Will and bequeath all of my real estate and personal property to my wife, Nannie M. Stewart, to use as she cares to after payment of my debts and funeral expenses." This language is practically the same as that used in the Gwinn will, "to use as she sees fit," which we held passed the fee. Gwinn v. Gwinn's Adm'r, 287 Ky. 795, 155 S.W.2d 227. In that opinion we quoted excerpts from each will involved in four cases, and in each instance it was held that the words quoted had devised a fee. Those excerpts are strikingly like the words in the will now before us. In the Gwinn opinion we held the attempted devise over, "and at her death all that is left is to go to Gwinn heirs," was void as testator had just vested his wife with the fee. But appellees argue that as the instant case is decided after the rule was changed by the Hanks case, 307 Ky. 243, 210 S.W.2d 784, the will before us must be construed in the light of the new rule. Appellants counter with the argument that the fee vested in Mrs. Stewart at the time of her husband's death on April 9, 1948, therefore, the Hanks opinion does not apply to Mr. Stewart's will.
By KRS 394.330 it is provided that a will speaks from the death of the testator, unless a contrary provision appears in the will. This court has held as far back as 1827 that the interest of a devisee vests the instant of testator's death. In re Payne's Will, 4 T.B.Mon. 422, 20 Ky. 422, 423; Reid's Adm'r v. Benge, 112 Ky. 810, 66 S.W. 997, 57 L.R.A. 253, 99 Am.St.Rep. 334; Gill's Ex'r v. Woman's Club of Louisville, 205 Ky. 731, 266 S.W. 378; McElroy v. Trigg, 296 Ky. 543, 177 S.W.2d 867, 151 A.L.R. 966. Therefore, the fee Mrs. Stewart took in her husband's *72 estate vested in her when he died on April 9, 1948, which was two weeks before the Hanks case was decided on April 23, 1948, and her estate was not affected by that decision, since in the last paragraph of the Hanks opinion this language appears [307 Ky. 243, 210 S.W.2d 788]: "This opinion shall have only a prospective effect and not apply to or affect any vested rights acquired under that rule while it was in force and effect, all of which rights are expressly preserved and upheld."
Appellees insist that in Jacobs v. Barnard, 307 Ky. 321, 210 S.W.2d 972, which followed with approval the Hanks case, we applied the rule as changed in the Hanks opinion, although Barnard, the testator, had died in 1924. They further insist that we applied the new rule to the will in the Hanks case and did not make it prospective even there, although the testator had died in 1936.
As just stated, it was declared in the Hanks opinion that no rights acquired or vested under the former rule should be affected by the change in interpretation of such testamentary provisions. The judgment was not in accord with the former rule. Nevertheless, it was affirmed and thereby the new rule was mistakenly applied in Hanks v. McDanell, 307 Ky. 243, 210 S.W.2d 784, and in Jacobs v. Barnard, 307 Ky. 321, 210 S.W.2d 972, since rights had vested upon the death of the testators. In the case at bar the right of the devisee became vested upon the death of the testator on April 9, 1948. A further consideration of the question of the time when or to what wills the new rule should be applied leads to the conclusion that it is the instant of testator's death.
In order that there may be no confusion as to exactly what we meant when we wrote in the Hanks case that the opinion would not affect vested rights, we now say, unless there is a contrary provision in the will, the Hanks opinion will not apply where the testator died before April 23, 1948.
For the reasons given the judgment is reversed with directions that one be entered adjudging that Mrs. Stewart took absolute title in fee to the property devised by her husband's will.
CAMMACK, Justice (dissenting).
Under the reasoning in the case of Berner v. Luckett, 299 Ky. 744, 186 S.W.2d 905, I think the wife took a life estate in the property, with power to encroach upon the corpus without court approval. Therefore, I do not think a discussion of the Hanks Case was necessary.