## WEAKLEY et al. v. WEAKLEY.

Court of Appeals of Kentucky.

March 6, 1951.

William Gentry, Bardstown, for appellants.

Fulton & Hubbard, Bardstown, for appellee.

MOREMEN, Justice.

Mrs. Octavia Weakley died testate, a resident of Nelson County, Kentucky. Her probated will reads:

"This is my last will and testament in my own handwriting. I leave all real estate and personal property to my beloved son, L. M. Weakley, to do with as he sees fit. Then goes to my grandchildren at his death to share alike.

"I want all my just debts and funeral expenses taken care of first.

"Dated this November 17, 1947, at 10:00 A.M.

"/s/ Mrs. Octavia Weakley."

In a suit to determine the extent of the estate received by L. M. Weakley under this will, the Chancellor held that he had a life estate with full power to dispose of both the real and personal property by sale or to encumber it and to spend the proceeds thereof, or use the proceeds as he saw fit, without executing bond to the remaindermen. It was further decreed that if any of the property should remain at the time of the death of L. M. Weakley, it should go to the grandchildren of Octavia Weakley regardless of whether said grandchildren were living at the time of her death or born thereafter.

The appellants, Cherry Weakley and Robert Weakley, are the grandchildren of Octavia Weakley, and their appeal is prosecuted by Hon. William Gentry, Guardian Ad Litem and attorney for said infants.

In the case of Hanks v. McDanell, 307 Ky. 243, 210 S.W.2d 784, this court abandoned the rule that where a will makes an absolute gift of a fee with unlimited power of disposition, a gift over of that which remains of the corpus of the estate is void, and held that in the future a testator's intent would be gathered from the language used in the will, unless the intention as so determined conflicted with some statutory provision or was against public policy.

However, this opinion in no way disturbed the rule applied in cases where there was a gift over of the entire estate, after the testator had employed language which gave an absolute fee, because we have generally held that such a will devises only a life estate to the first donee. Berner v. Luckett, 299 Ky. 744, 186 S.W.2d 905. Price v. Price, 298 Ky. 608, 183 S.W.2d 652. The only change, announced by the Hanks' case, was that the gift over of a remnant of the estate was no longer conclusively presumed to be void.

The rule concerning the gift over of all, or the entire property, was not changed because we had always held that the gift over of all of the estate created a life estate in the first taker.

But the problem with which we are presented here is, whether or not the life tenant in cases where the testator has used such expressions as "to do as he pleases with," or "to do with as he sees fit" has the right to encroach and use the estate during the term of the life tenancy. We plainly said in the Price case that the life tenant could not encroach on the corpus of the estate and interpreted such phrases as meaning that the first donee could do with the life estate as he pleased or as he saw fit. Two of the judges dissented from that opinion and we are inclined to believe that they were correct in assuming that attitude. We believe that when a testator uses such words he means that the first donee may use the estate for his own purposes and if any of it is left over, it shall go to the second donee. When a person is given an absolute gift of even a life estate, it is not necessary to tell him that he may do with it as he sees fit because he had that right when

the gift is absolute. It is difficult to conceive of a case where a person would write such an expression where he did not intend that the life tenant have broad powers to sell and dispose of the estate. We therefore believe that the opinion in the case of Price v. Price, 298 Ky. 608, 183 S.W.2d 652, is incorrect insofar as it holds that the life tenant may not encroach upon the principal, and it is hereby expressly overruled.

Judgment affirmed.