**UNITED STATES v. 711.4 ACRES OF LAND, MORE OR LESS, SITUATE IN CLINTON AND RUSSELL COUNTIES, KENTUCKY, et al.**

No. 295.

United States District Court
W. D. Kentucky, Bowling Green Division.

July 2, 1952.

David C. Walls, U. S. Atty., Louisville, Ky., E. Preston Young, Special Asst. to the U. S. Atty., Louisville, Ky., for plaintiff.

L. C. Lawrence, Jamestown, Ky., for Mary Bowie, Statutory Guardian for James Gordon Piercey.

Richard C. Scharrer (of Scharrer, Scharrer & Hanaghan), Dayton, Ohio, for James A. Piercey.

SWINFORD, District Judge.

This case is before the court for determination of one question. Is James Gordon Piercey, an infant, entitled to a share of the deposit of money for the land condemned by the plaintiff? His claim rests upon a construction of the will of Sutton G. Hunter, the foster father of James Gordon Piercey's grandmother, Luella M Evans Piercey.

The language of the will is as follows:

"I give to my wife, Margaret E. Hunter my entire estate after first paying all my just debts and funeral expenses, consisting of real and personal property and at the death of my wife I give all my property remaining in the hands of my wife, at her death to Luella M. Evans, to have and to hold for life, then to her children if she has

any, if not then to be given to my nearest connection * * * ".

At the death of the testator in 1882, Margaret E. Hunter occupied the land and took possession of the estate. Upon her death the estate was taken by Luella M. Evans (who had married a Piercey), named in the will.

Luella M. Evans Piercey had several children, one of whom was Charles Gordon Piercey, the father of the claimant here. Charles Gordon Piercey, by deed, conveyed to his brother James A. Piercey all of his interest in the land. The date of this deed is not disclosed by the record before me, but as set forth in another part of the record was prior to the death of his mother Luella M. Evans Piercey. After the execution of this deed and also prior to the death of his mother, Charles Gordon Piercey died intestate leaving as his only heir this infant claimant, James Gordon Piercey. Luella M. Evans Piercey died in March 1951, leaving surviving several children.

James Gordon Piercey presses his claim on two grounds. First, that his grandmother, Luella M. Evans Piercey, owned a fee simple estate in the land by construction of the will. Second, she owned a fee simple estate by prescriptive use. Since she had a fee simple estate under either theory, the deed to James A. Piercey by Charles Gordon Piercey was an attempt to convey a right to an inheritance and not a vested estate and was therefore void. Hunt v. Smith, 191 Ky. 443, 230 S.W. 936, 17 A.L.R. 588.

The whole question upon either theory rests upon a construction of the will of Sutton G. Hunter. Did Margaret E. Hunter take a life estate or a fee simple estate? If she took a life estate Luella (who was her natural daughter) inherited a life estate by will. If Margaret took a fee simple estate Luella inherited a fee simple estate by law. It is clear to me that the intention of the testator was to leave his wife the entire estate for her life and at her death to "Luella M. Evans" for her life and the remainder in fee to her children if any are living at her death.

The claimant James Gordon Piercey relies upon the case of Hall v. Spencer, 312 Ky. 274, 227 S.W.2d 196, 197, which he says is squarely in point. I do not think so. In that case the court used the following quoted language:

"It is the generally accepted rule in Kentucky: where an estate is devised to one for life with remainder to another, with an alternate remainder to a third person in the event the first remainderman dies without issue, the latter limitation has reference to death without issue during the lifetime of the life tenant; and if this contingency does not occur, the estate vests absolutely in the first remainderman upon the death of the life tenant."

In the case at bar the alternate remainderman, "Luella M. Evans" was expressly willed a life estate which could in no wise ripen into a fee.

The second theory that she acquired a fee simple estate by prescriptive use is untenable. It is fundamental that no limitation can run against a remainderman in favor of a life tenant in possession.

It is true, as set forth in Hall v. Spencer, supra, that where the alternate remainderman is to inherit a fee (by the terms of the will) the limitation has reference to death of the remainderman without issue during the lifetime of the life tenant; and if that contingency does not occur the estate vests absolutely in the remainderman upon the death of the life tenant. But that is not this case. Luella was not a remainderman, but the life tenant contemplated by the rule laid down in the Hall case. The instrument by which she inherited expressly fixed her estate in the land as being a life estate.

It is most difficult to work out a satisfactory rule to be applied to all cases. No two wills are alike or no will has a twin, as said by our Kentucky Court of Appeals. The Kentucky court has endeavored to clarify the law and to establish a fixed rule in the case of Hanks v. McDanell, 307 Ky. 243, 210 S.W.2d 784, 785, 17 A.L.R.2d 1. In that case the whole confused history in our state of contingent fees provided in wills was reviewed. The court speaking

through Judge Thomas points out that most courts have adhered to the so-called Polar Star doctrine of construction. That is to ascertain from the four corners of the instrument what was the intention of the testator and uphold that intention. The opinion sets forth that Kentucky has often followed that rule, but with a few other jurisdictions has established a contrary rule, supposedly based on public policy, "that when the first taker of conveyed property under the writing submitted for construction, is initially conveyed a fee title it is then incompetent and invalid for the maker to thereafter modify, qualify or reduce the apparent fee title of the first taker so as to reduce it to a life estate and that any gift over of any remnant after the death of the first taker is null and void."

It seems that the rule thus announced first became *established* as the law in Kentucky in the case of Clay v. Chenault, 108 Ky. 77, 55 S.W. 729, and has been followed rather indifferently or "fitfully" since that time and up until the decision in Hanks v. McDanell, on April 23, 1948. There have been frequent exceptions in its application, where clearly the intention of the testator was voided. Williams v. Williams' Committee, 253 Ky. 30, 68 S.W.2d 395; Jacob v. Barnard, 307 Ky. 321, 210 S.W.2d 972; Berner v. Luckett, Commissioner of Revenue, 299 Ky. 744, 186 S.W.2d 905. The rule has been identified by the rather nebulous term, "biting rule". This means that where an entire estate is devised to one with the full right to use the corpus of the estate or to take a "bite" out of the estate as well as to receive the income from it the devise over is void.

In Hanks v. McDanell, supra, the Kentucky Court of Appeals expressly overruled its decisions holding that the "biting" rule should apply in Kentucky and adopted as the fixed rule of construction the Polar Star doctrine. However, the court said:

"We have concluded that all of our former opinions recognizing and applying the 'Biting' rule should be and they are now expressly overruled, but that this opinion shall have only a prospective effect and not apply to or affect any vested rights acquired under that rule while it was in force and effect, all of which rights are expressly preserved and upheld."

As an example of the state of confusion in the Kentucky decisions, I quote the following language from Berner v. Luckett, Commissioner of Revenue, supra [299 Ky. 744, 186 S.W.2d 906]:

"The cardinal rule of construction which has been followed in this jurisdiction for many years is to ascertain the intention of the testator and give it effect. The intention must be ascertained from a consideration of the will as a whole, since a will is not a complete instrument until it is signed. In other words, we look to its four corners when its construction is under consideration. Donelson's Ex'r v. Coates, 299 Ky. 608, 186 S.W.2d 420, decided February 13, 1945. It is true, however, that this Court, since the case of Clay v. Chenault, 108 Ky. 77, 55 S. W. 729, has adhered to a rule of construction to the effect that, where there has been an absolute gift of a fee with unlimited power of disposition, a gift over of what remains of the corpus of the estate after the death of the first taker is void. On the other hand, we have continued to hold that, where there is a gift over of the entire estate, the first taker takes only a life interest in the property, notwithstanding the fact the will employed language giving him an absolute fee."

In the case of Hanks v. McDanell, supra, although the testator had died and estates devised under the will had vested before April 23, 1948, the Court applied the "Polar Star" rule rather than the "biting" rule. In the same volume is reported the case of Jacob v. Barnard, supra, in which the Court also applied the "Polar Star" rule.

Thus we find our Kentucky Court of Appeals apparently laying down a rule that the "Polar Star" doctrine shall not apply to estates vested by the death of the testator prior to April 23, 1948, and in the same opinions and decisions applying the rule to cases in which the estates had vest-

ed upon the death of the testator prior to that date.

In fact, such contradiction is acknowledged in the later case (March 24, 1950) of Stewart v. Morris, 313 Ky. 424, 231 S.W. 2d 70, 72, wherein the Court said:

"Appellees insist that in Jacobs v. Barnard, 307 Ky. 321, 210 S.W.2d 972, which followed with approval the Hanks case, we applied the rule as changed in the Hanks opinion, although Barnard, the testator, had died in 1924. They further insist that we applied the new rule to the will in the Hanks case and did not make it prospective even there, although the testator had died in 1936.

"As just stated, it was declared in the Hanks opinion that no rights acquired or vested under the former rule should be affected by the change in interpretation of such testamentary provisions. The judgment was not in accord with the former rule. Nevertheless, it was affirmed and thereby the new rule was mistakenly applied in Hanks v. McDanell, 307 Ky. 243, 210 S.W.2d 784, and in Jacobs v. Barnard, 307 Ky. 321, 210 S.W.2d 972, since rights had vested upon the death of the testators."

In the case at bar the court feels constrained to follow the rule expressed by the Kentucky Court of Appeals in Stewart v. Morris, supra. The will in question here came into effect upon the death of Sutton G. Hunter in 1882. The property devised by the will vested as of the date of his death. Since that was prior to April 23, 1948, the rule pronounced as Kentucky law in Clay v. Chenault, supra, governs the construction of the will. That rule has been repeatedly upheld in Kentucky and was abandoned as the law of this state only on estates vesting after the decision on April 23, 1948, in Hanks v. McDanell, supra. For other cases following the rule in the Chenault case, see: Wintuska v. Peart, 237 Ky. 666, 36 S.W.2d 50, Barker v. Eades, 287 Ky. 579, 154 S.W.2d 546; and Woods v. Hughes, 290 Ky. 99, 160 S.W.2d 339.

Therefore, the rule which governs this case is expressed as follows in Clay v. Chenault, supra [108 Ky. 77, 55 S.W. 737]:

"Under a devise by a testator to his widow of all his estate, real and personal, absolutely and forever, with power to sell or dispose of as she deems proper, the widow took the fee, notwithstanding the subsequent provision of the will that all the property that remained at her death should be equally divided among the testator's sons; the devise over of what might remain being inconsistent with the fee, and therefore void."

It is the decision of the court that Margaret E. Hunter took a fee simple estate; Luella M. Evans Piercey, her only heir inherited the land in fee; Charles Gordon Piercey's deed to James A. Piercey was void; James Gordon Piercey inherited the interest of his father, Charles Gordon Piercey, from his grandmother, Luella M. Evans Piercey.

Proper orders should be prepared and submitted.