Lena NEWELL, Appellant,

v.

STATE NATIONAL BANK OF MAYS-VILLE, Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

May 5, 1961.

As Modified Sept. 29, 1961.

D. Bernard Coughlin, Maysville, for appellant.

Eugene C. Royse, Maysville, Frank A. Ropke, Louisville, Fox, Wood & Wood, John H. Clarke, Jr., Maysville, for appellees.

CULLEN, Commissioner.

The judgment below construed the will, including two codicils, of Ruliff M. Newell, deceased. Lena Newell, a beneficiary under the two codicils, appeals from the judgment. The Masonic Widows' and Orphans' Home and Infirmary, residuary legatee under the will, filed notice of a cross-appeal but did not perfect it, so the arguments in the briefs with reference to the merits of the cross-appeal will not require consideration. See Hall v. Hall, Ky., 328 S.W.2d 541.

In the main will Mr. Newell devised his dwelling to his widow for life, and made a direct bequest to her of $2,000. The residue of his estate he bequeathed to a trust company in trust for the benefit of his widow during her lifetime, with power of encroachment upon the principal "as may be necessary and proper in the discretion of. said Trustee for her comfortable support and maintenance, it being my intention and purpose that said Trustee shall not be in any fashion limited to strict necessity, but to insure her well being and comfort in all respects and particularly to take care of any illness or emergency whatsoever." The will directed that upon the death of the widow the balance of the trust fund should be paid to the Masonic Widows' and Orphans' Home of Louisville. The will further directed that upon the death of the widow the dwelling "shall fall into the residue and

be embraced within the trust hereinafter created."

In a first codicil executed four years after the will Mr. Newell made two outright bequests, one of $2,000 to his cousin's wife, Lena Newell (the appellant here) and one of $500 to a man and wife who were his neighbors. This codicil stated that these bequests were "prior to the establishment of the trust set up in my will."

Four months later Mr. Newell executed a second codicil, in the following words and form:

"4–6.58
    I will my my House 316 Sutton St. at death of my wife—
        Morehead College Bonds  $15,000
        Trinity Church Bonds $5,000
        or their equal in
        cash of this date to Lena Newell
        her heirs or assigns.
                    R. N. Newell"

At the time of his death the amount of Morehead College bonds owned by Mr. Newell was only $10,000, and he had never owned more than that amount of such bonds. A question thus was created as to whether Mr. Newell intended, by the phrase "or their equal in cash of this date," that Lena should receive a total bequest of $20,000 or merely an amount equal to the value of the bonds he actually owned. The circuit court held that the bequest was limited to the bonds actually owned or an amount of cash equal to their value.

The second question was whether Lena was given under the codicil an immediate bequest of the bonds or whether her bequest was in remainder after termination of the trust for the widow, and subject to possible encroachment under the trust. The circuit court held that the bonds constituted part of the trust for the widow and were expendable if necessary for the support of the widow, and that "if said bonds have been expended, or converted in form during the lifetime of Ella Newell, upon the death of

Ella Newell, the trustee shall, if sufficient funds remain in the trust estate, pay to Lena Newell the equivalent value of the bonds as of the 6th day of April, 1958." (We construe this as including the meaning that Lena should be paid all of the remaining funds of the estate if they should not amount to as much as the value of the bonds.)

A third question was whether the dwelling was included in the trust for the widow and subject to sale to provide funds for the support of the widow. The circuit court held that it was.

The appellant maintains that the judgment is erroneous in the holdings as to all three of the questions.

As concerns the first question, relating to the Morehead College bonds, it is our opinion that the judgment is correct. In using the phrase "or their equal in cash of this date" the testator clearly meant the equal in cash of the bonds he actually owned, otherwise there would be no significance in the words "of this date." If he had meant that Lena should receive $20,000 in any event there would be no point in relating the cash equivalent to the value of the bonds on a specific date. We think that the values stated opposite the two kinds of bonds should be considered as merely additional description and not as controlling, and that the erroneous valuation must be disregarded. See McElroy v. Trigg, 296 Ky. 543, 177 S.W.2d 867, 151 A.L.R. 966; Hertford v. Harned, 185 Ind. 213, 113 N.E. 727.

On the second question, it is our opinion that the judgment is also correct. The basic rule for construing a will and codicil is stated in Breckinridge v. Breckinridge's Ex'rs, 264 Ky. 82, 94 S.W.2d 283, at page 287, as follows:

" * * * And, while the codicil will prevail where there is an irreconcilable conflict between it and the will, yet this rule will not be applied so as to effect an alteration of the will, unless such an intention on the part of the testator is clearly and unequivocally expressed in the codicil. Courts will endeavor to give effect to every part of a will, and will construe it so as not to disturb the provisions of the original will further than is absolutely necessary to give effect to the codicil. * * * "

In the original will Mr. Newell expressed his primary objective that his estate be used to provide for the "comfortable support and maintenance" of his wife, and "to insure her well being and comfort in all respects and particularly to take care of any illness or emergency whatsoever." The wife was around 70 years of age at the time of his death, and was in poor health. His estate, exclusive of the dwelling, amounted to around $70,000. If the bequest in the second codicil should be given precedence over the trust, it together with the bequests in the first codicil and the expenses of administration would cut almost in half the amount available for the trust.

It is significant that in the first codicil the testator expressly stated that the bequests to Lena and the neighbor couple were "prior to the establishment of the trust set up in my will." Reading all three instruments together, the reasonable conclusion is that had the testator intended the bequest in the second codicil to take priority over the trust he would have said so, just as he did in the first codicil.

Also significant is the fact that the bequest in the second codicil was to Lena, "her heirs or assigns," indicating that immediacy was not a primary factor in the gift.

Furthermore, while the words "at death of my wife" in the second codicil probably must be considered in a strict grammatical sense to qualify only the devise of the dwelling, they give indication of the testator's continued intent to provide for his wife in accordance with the original will.

Applying the rule stated in the Breckinridge case, we think that effect may be given

to the second codicil, without disturbing the provisions of the original will further than is absolutely necessary, by adopting the interpretation that was made of the will and codicil by the circuit court.

As concerns the third question, it is our opinion that the judgment is erroneous. The will clearly excludes the dwelling from the trust. It is true that the will says that at the death of the widow the dwelling "shall fall into the residue and be embraced within the trust," but this could mean nothing other than that the dwelling was to be disposed of the same as the balance remaining in the trust, because the trust was terminated at the death of the widow. There is no basis for an interpretation that the dwelling could be sold for support of the widow under the trust provisions.

The judgment as it relates to the first two questions discussed in this opinion is affirmed; as it relates to the third question it is reversed with directions to enter judgment that the dwelling is not subject to the trust provisions and that Lena Newell is the owner of it subject only to the legal life estate in the widow.