**Paul D. RUSSELL, Adm'r, etc., Appellant,**

v.

**Jolly JOHNSON et al., Appellees.**

Court of Appeals of Kentucky.

March 6, 1970.

Walter L. Catinna, Woodward, Bartlett & Catinna, Hartford, for appellant.

Earl F. Martin, Sr., Martin & Martin, Hartford, for appellees.

ROBERT O. LUKOWSKY, Special Commissioner.

This is an appeal from a judgment of the Ohio Circuit Court in which the chancellor construed certain controversial provisions contained in the last will and testament of N. M. Russell.

The will was dated June 4, 1904. The testator died in March of 1938. The will was admitted to probate by the Ohio County Court on April 4, 1938. The action for construction was commenced on October 30, 1962, following the death of the testator's widow.

The provisions of the will giving rise to this litigation are as follows:

"2nd. I will and bequeath to Esther Russell my wife all of my personal property to use for her benefit.

3rd. I will and bequeath to Esther Russell my real estate as long as she may live for the benefit of her and my child Paul D. Russell at her death I desire the estate to go to the above named boy he being my only heir."

The chancellor held that the will gave absolute title to personal property to Esther Russell. The appellant contends that this was error, that the will vested in Esther Russell only a life estate in the personal property, with the right to consume principal for her necessary support and maintenance, and that the remainder vested in the appellant.

To support this result appellant theorizes that the word "estate" used in the last sentence of the third item of the will is so broad and comprehensive that that sentence controls not only the third item but also the second item and constitutes a second gift of all assets, which would convert the first gift into a life estate. 28 Am.Jur.2d Estates, section 1, Weakley v. Weakley, Ky., 237 S.W.2d 524 (1951).

In the disposition of this case it is our obligation to determine the character of the estate given the first taker by applying the cardinal rule of construction which has been followed in this jurisdiction for many years. That is, if possible, to ascertain from a consideration of the will as a whole the intention of the testator and give it effect. Young's Guardian v. Shaver's Ex'x, 186 Ky. 608, 217 S.W. 902 (1920) and Berner v. Luckett, 299 Ky. 744, 186 S.W.2d 905 (1945). Let us address ourselves to this task.

A comparison of the second and third items of the will establishes that the testator knew:

A. The difference between "personal property" and "real estate".

B. How to create a life estate by word rather than inference.

C. How to dispose of the resulting remainder.

 When the second and third items of the will are read in the light of this knowledge one can only conclude:

1. If the testator wished to restrict the gift in the second item to a life estate he would have done so by word and not by inference.

2. The word "estate" used in the last sentence of the third item refers to "real estate" and not to "personal property".

3. The disposition of the remainder made in the last sentence of the third item applies only to the assets in which a life estate was created by word in that item and not to other property disposed of by the will.

4. The fixed testamentary intent of the testator was to grant to his wife an absolute estate in those types of property which are, by their very nature, consumable, expendable and transitory in character, but to preserve for his son the ultimate benefit of that most stable and lasting of all property, land.

Since the intention of the testator is ascertainable from the four corners of the will, there is no reason to resort to the application of technical rules of construction, such as the Biting Rule discussed in Gilligan v. L. & N. RR Co., 195 Ky. 1, 240 S.W. 739 (1922); Hanks v. McDanell, 307 Ky. 243, 210 S.W.2d 784, 17 A.L.R.2d 1 (1948); Annotation 17 A.L.R.2d 7, and the Double Entire Gift Rule discussed in Weakley v. Weakley, supra, and Berner v. Luckett, supra. Such rules are subordinate to the principle that the intention of the testator is to be gathered, if possible, from the will as a whole. Lincoln Bank & Trust Co. v. Bailey, Ky., 351 S.W.2d 163 (1961).

The judgment is affirmed.

All concur.