**Leilani Christy Hale CAREY,
Appellant,**

**v.**

**Donald JAYNES, Administrator of the Estate of Russell Fletcher Hale; Russell Craig Hale; and Whitney S. Hale, Appellees.**

**No. 2007–CA–000148–MR.**

Court of Appeals of Kentucky.

March 21, 2008.

As Modified April 11, 2008.

Discretionary Review Denied by Supreme Court Oct. 15, 2008.

Fred E. Peters, John L. Tackett, Lexington, KY, for appellant.

Gregory K. Puckett, Alison Lobb Emmons, Richmond, KY, for appellees.

Before COMBS, Chief Judge; DIXON, Judge; KNOPF,[1] Senior Judge.

## OPINION

COMBS, Chief Judge.

Leilani Christy Hale Carey brought an action to establish her right to a one-third interest in the rest, residue, and remainder of the estate of her father, Russell Fletcher Hale. The Madison Circuit Court concluded that Hale did not intend that Carey be a beneficiary under the terms of his will and dismissed the action. We affirm.

On October 3, 2000, Russell Fletcher Hale executed his last will and testament. In an introductory clause, Hale identified Russell Craig Hale and Whitney Suzanna Hale as his two living children. After providing for the payment of taxes and the disposal of his tangible personal property, Hale bequeathed and devised the remainder of his estate "absolutely in fee simple to my surviving children in equal

---

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

shares...." In a separate provision, Hale included the following definition:

for purposes of this Will, "children" means the lawful blood descendants in the first degree of the parent designated....

Soon after Hale died on July 9, 2004, probate proceedings were initiated in the Madison District Court. The petition for probate indicated that Hale's heirs at law and next of kin were his children, Russell Craig Hale and Whitney S. Hale.

On June 22, 2006, nearly two years after Hale's death, Carey filed an action in Madison Circuit Court against Russell Craig Hale, Whitney S. Hale, and the estate's administrator. Carey contended that she was a natural-born child of Russell Fletcher Hale and as such was entitled to a distribution of one-third of his estate pursuant to the terms of his will. She attached a certified copy of her birth certificate that named Hale as her father. She also referenced a paternity decree of the Fayette District Court that had adjudged Hale to be her natural father. According to the record, Hale had been ordered to pay—and he did pay—monthly child support to Carey's mother until Carey reached the age of majority. It is undisputed, however, that Hale and Carey's mother were never lawfully married.

On November 21, 2006, Russell Craig Hale, Whitney Hale, and the administrator of Hale's estate filed a motion for summary judgment. Carey opposed the motion and filed a memorandum in support of her position. Following a hearing, the trial court concluded that the phrase "lawful blood descendant" as used in Hale's will referred as a matter of law to a descendant born of a lawful marriage. Holding, therefore, that Carey was not entitled to share in Hale's estate, the court granted the motion for summary judgment. This appeal followed.

■ On appeal, Carey argues that the trial court erred by construing the phrase "lawful blood descendant" as used in Hale's will to exclude her from sharing in the estate. We disagree.

Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file—together with the affidavits, if any—show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Kentucky Rules of Civil Procedure (CR) 56.03. It is the province of the trial court to decide whether there are any relevant issues of fact to be tried. *Bell v. Louisville Motors, Inc.*, 573 S.W.2d 351 (Ky.App.1978).

■ "The cardinal rule of testamentary construction is to ascertain the intention of the testator and give it effect...." *Donelson's Ex'r v. Coates*, 299 Ky. 608, 186 S.W.2d 420, 422 (1945). The court must look to the four corners of the instrument to determine the intent of the testator, affording due weight to every provision of the will according to that testamentary intent. The express terms of the will are to be given their generally accepted meaning. *Georgetown College v. Alexander*, 140 S.W.3d 6 (Ky.App.2003).

■ Having reviewed the provisions of Hale's will, we conclude that the trial court did not err by finding that Carey was not entitled to a share of the estate under the terms of the residuary clause. While our law disfavors the disinheriting of lawful heirs in instances of intestacy or in doubtful cases where there is a will, it nonetheless "secures the right of the testator to dispose of his property as seemth good to him...." *Youse v. Forman*, 68 Ky. 337 (1869).

■ Hale expressly provided by will that his *children* would inherit the bulk of his estate. In Kentucky as in other states, the testator's use of the word *children* is ordinarily construed to mean legitimate children to the exclusion of illegitimate children. *Marquette v. Marquette's Ex'rs.,* 190 Ky. 182, 227 S.W. 157 (1921); *Presley v. Hanks,* 782 S.W.2d 482 (Tenn.App.1989) *citing* Annotation, *Right of Illegitimate Child to Take Under Testamentary Gift to "Children,"* 34 A.L.R.2d 4, Sec. 5 (1954). Under the circumstances presented here, this analysis alone would require that the trial court's judgment be affirmed.

■ However, Hale also specifically provided that for purposes of his will, the word *children* would mean "lawful blood descendants." He defined his intention in clear and precise terms. The law in Kentucky has always held that the word *lawful* in this context means legitimate or born of a lawful marriage. *Black v. Cartmell,* 49 Ky. 188 (1850). In analyzing the express terms of Hale's will according to their generally accepted meaning, we conclude that Hale unambiguously excluded Carey (without naming her) from sharing in his estate.

We are mindful of the evolution in constitutional law and statutory changes with respect to recognizing the rights of illegitimate descendants. However, this is not a case of intestacy, and Hale was free to dispose of his property as he provided in his will. The trial court did not err by granting summary judgment to the Hales and to the administrator of their father's estate.

We affirm the judgment of the Madison Circuit Court.

ALL CONCUR.

S.J.L.S., Appellant,