## York v. York et al.
(Decided Nov. 25, 1938.)

574

FRANCIS M. BURKE and J. ERWIN SANDERS for appellant.
KENNETH A. HOWE for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming in part and reversing in part.

C. C. York, a resident of Pike county, died July 17, 1938, the owner of real estate consisting of approximately 150 acres of land about 4 miles from Pikeville, a one-half undivided interest in a house and lot in Pikeville and a one-fourth undivided interest in another house and lot therein. Item 2 of his will is as follows:

"I give and bequeath to my beloved wife, Betty York, all the household furniture, pictures, books and all other household furniture, pictures, books and all other household effects which shall be in and about my residence at the time of my decease. I give and devise to my wife, Betty York, in absolute fee simple, so long as she remains my widow, one-half of all my real property including the home place where I now live, my interest in the Kate S. Ray estate and the house and lot on Elm Street, in the city of Pikeville, Kentucky. I further direct that Betty York shall care for, support and keep at home with her, my son, James York, so long as he may live, and in the event that Betty York should die before James York, then in that event, W. C. York and Kathleen McGee, my son and daughter, are to care and provide for my son, James York,

so long as he may live, It is further provided by the terms of this will, that if it should become necessary to sell some of the real property hereby devised to Betty York for her support and the maintenance of my son, James York, that she shall have the right to sell same, and the provision in this will, bequeathing this property to her so long as she shall remain my widow shall not apply to the part sold for support and maintenance of herself and my son, James York."

By Item 3 of the will he devised to a son, W. C. York, in fee simple, a one-fourth interest in all his real property, and by Item 4 he devised in fee simple to a daughter, Kathleen McGee, a one-fourth interest in all his real property, and by Item 5, all the residue of his estate was devised to his wife, Betty York. He left surviving him his wife, Betty York, and the three children, mentioned in Item 2, namely, W. C. York, James York and Kathleen McGee.

An opportunity had been presented to make a highly advantageous sale of approximately 4½ acres of the 150 acre farm, mentioned above, and in order to ascertain the rights of the parties under this will, this action was filed by Betty York against the three children and against W. C. York, committee for James York. Proof was taken showing the advisability of this sale and also showing the necessity to sell some of the property for the support of James York who is of unsound mind. This proof discloses that Betty York has no suitable residence in which to reside and take care of James York and that she has no sufficient income by which to care for herself and him, her income being only about $20 per month.

The chancellor adjudged: (1) That under Item 2 of the will Betty York took a defeasible fee simple title to a one-half interest in the real estate owned by C. C. York at the time of his death subject to be defeated by her remarriage; (2) that the provision in Item 2, "That Betty York shall care for, support and keep at home with her my son, James York, so long as he may live," constitutes a charge upon the real estate devised her; (3) that the will vested in the plaintiff, Betty York, sole power and authority to determine the necessity of selling any part of the real estate and to sell and convey any part thereof she might deem necessary for the pur-

pose of supporting herself and incompetent son, James York; (4) that the cost of building a suitable residence for the plaintiff, Betty York, and the defendant, James York, is within the provision of the will providing for their support and maintenance and that there exists at this time a necessity for the building of this residence; and (5) that the provision in Item 2 to the effect that if the plaintiff, Betty York, should die before James York, the defendants, W. C. York and Kathleen McGee, are to take care of, and provide for, James York, is not a charge upon or against the one-fourth interest in the real estate devised to them under the will, and that each of them had absolute fee simple title to the one-fourth interest so devised.

This appeal is from that judgment and we will discuss each of the provisions thereof in order:

(1) Under the rule announced in Hutter et al. v. Crawford et al., 225 Ky. 215, 7 S. W. (2d) 1043, and other cases in this court therein cited, a devise to a wife in fee simple as long as she remains the testator's widow constitutes a defeasible fee subject to be defeated by the wife's remarriage, where there is a devise over in the event of such remarriage. In the present case, however, there is no devise over in the event of the remarriage of Betty York. On the contrary, by Item 5 of the will, Betty York is named as residuary devisee. This operates to convert the devise to her into a fee simple, subject to a charge thereon for the support and maintenance of James York. If she remarried her estate would be defeated and become undevised estate, there being no devise over in the event of remarriage, but this undevised estate then passes to her under the residuary clause. The court was therefore in error in adjudging that Betty York had only a defeasible fee in her one-half interest in the real estate.

(2) The judgment of the court in this particular is correct under the rule laid down in Deckard v. Deckard, 241 Ky. 329, 43 S. W. (2d) 1006.

(3) The judgment of the court is erroneous in this particular. In the case of Clore et al. v. Clore et al., 184 Ky. 83, 211 S. W. 208, this court held that provisions of the kind contained in this will do not give an unrestricted right to consume or dispose of the corpus of the property and that an order of court should be obtained for the sale or disposition thereof and directing the sum

or sums which the party holding such power has the right to consume under the terms of the will. This case has been consistently followed, and in the case of Garriott's Ex'x v. Garriott et al., 208 Ky. 94, 270 S. W. 484, the court said [page 486]:

"So that, upon a return of this case, the court will construe the will as herein indicated and give the plaintiff leave to file such additional pleadings as may be necessary, after which proof may be taken, and all, or so much of the property, may be sold as the court may direct. But if more of it should be sold under such order than was necessary for the immediate use of plaintiff, under the determination of the court that it was to the best interest of all parties to do so, then, as said in the response to the petition for extension in the Clore Case, 'the proceeds over and above the amount adjudged to be necessary for the use of appellees (appellant) could be taken charge of by a trustee and invested as the court directs, with authority in the trustee to advance to appellees (appellant) out of the fund from time to time such sums as their (her) necessities require.' "

Under the terms of the will therefore, Betty York had authority to encroach on the corpus of the estate only to the extent authorized by a court of chancery because while she has fee simple title to her one-half interest, it is charged with the support of James York.

(4) We are of the opinion that the proof justified the finding of the chancellor, that it was reasonably necessary to sell a portion of this property to build a residence for the plaintiff and her incompetent son, James York. Title to this property should be taken in conformity to the will as it is chargeable with the support and maintenance of James York. This may be done with the consent of all parties and under the directions of the court.

(5) We are of the opinion that the court was in error in adjudging that the one-fourth interest each in testator's real estate devised to W. C. York and Kathleen McGee were not subject to a charge thereon for the support and maintenance of James York. It seems that the primary object of the testator in making this will was to provide for the support of his wife and this incompetent son and we are unable to come to any other

conclusion but that he intended that all the property devised by the will should be chargeable with the support and maintenance of this unfortunate son.

While we have indicated above that the necessary steps and proof were taken in this action in order to justify a sale as far as the one-half interest of Betty York is concerned, a different situation applies as to a sale of the one-fourth interest each owned by W. C. York and Kathleen McGee, as there is no provision in the will authorizing a sale by either of them for maintenance of James York.

In order to clear up this situation, it will be necessary for an action to be filed by the committee against James York under Section 2150a, Kentucky Statutes. In this action, if all parties interested in the land desire a sale, judgment of court may be obtained authorizing it to be made, the ground of the sale to be alleged and proven being necessity for the support and maintenance of James York. In this action proper orders may be made concerning the investment of funds from the widow's undivided one-half interest in a residence for her and James York and, as W. C. York and Kathleen McGee will be entitled to $4,000 of the proceeds of sale, encumbered with a charge for James York's support, a trustee may be appointed to take charge of this fund, thereby complying with the procedure, as above indicated, in the case of Garriott's Ex'x v. Garriott et al., supra.

Wherefore, the judgment is affirmed in part and reversed in part with directions to proceed further in accordance with this opinion.