## Duncan et al. v. Cole et al.

January 28, 1947.

Ernest N. Fulton for appellants.

Shelby M. Howard for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

This is an action under the Declaratory Judgment Act, Civil Code of Practice, sec. 639a—1 et seq., seeking a construction of the will of W. J. Walters who died May 5, 1944. The will was executed June 8, 1927, and was as follows:

"Hodgenville Ky—June—8  1927

"I, W. J. Walters, while at my Right mind Do will what I have. to my wife,, Lizzie J. Walters. House and lot of 2 and ½ acres on Greensburg Street,, Clear of Mortgage,, also three thousand dollars In Bank Certificates,, and Eight hundred In liberty loan Bonds,, also three hundred In out standin notes,, as long as she Remains my widow,, to do and use as She may for Her Good and her benefit? and at Her death If Enny thing Should Remain my will Is Brother G. M. Walters the only one In my family and of close Blood Shall Receive five hundred,, and her Brothers and Sisters theire Shall Bee five hundred divided Equally between them and If all Brothers and Sisters Should Depart first,, the Remain shall Bee Equally Betwee their heirs,, Except the Williams heirs,, I have one note one Albert Williams of fifteen hundred Dollars with six hundred and thirty Dollars Interest and this Is to Bee Equally divided as their part,, between four children

"Written this 8 day of June 1927
"This Is my will and desire
"Written and Signed
"By W. J. Walters
  "J. W. Barntt
  "T. W. Pearman    J. W. Pearman"

Lizzie J. Walters died intestate in 1946, about two years after the death of her husband. The circuit court decided that Lizzie J. Walters took a life estate only in the decedent's property, and that upon her death the remainder of the estate, after the payment of the three special bequests, passed under the laws of descent and distribution to the heirs at law of the decedent, W. J. Walters, as undevised property. The appellants, who are the heirs at law of Lizzie J. Walters, contend that the widow took a defeasible fee which ripened into an absolute fee upon her death without remarriage.

The rules applicable here were stated in Scott v. Smith, 286 Ky. 697, 151 S. W. 2d 770, 772, as follows:

" 'If the absolute estate in property is devised to the first taker, a limitation over to another of what may be left of the property at the death of the former, is void. (Citations.)

" 'If, however, the first taker is given a life estate, though with power to use the principal as provided by the will, and there is then a limitation over what is left at his death, the limitation is valid. (Citations.) To be distinguished from the first group of cases are those holding that if property is devised to one absolutely, and there follows a limitation over of the very property so devised, and not of the residue remaining at the death of the first taker, the former takes but a life estate and the limitation over will be given effect.' "

We think the present case falls under the first rule. The widow took a fee subject to be defeated by her remarriage. Walker v. Walker's Adm'r, 239 Ky. 501, 39 S. W. 2d 970; Davis v. Bennett's Ex'x, 272 Ky. 674, 114 S. W. 2d 1150; York v. York, 275 Ky. 573, 122 S. W. 2d 140; Hopson's Trustee v. Hopson, 282 Ky. 181, 138 S. W. 2d 365. In Walker v. Walker's Adm'r, supra, the pertinent part of the testator's will read:

" 'My Will.

" 'I convey to my dear wife Margaret Layson Walker, all of my estate both real and personal my life Ins. $7000 to do as she sees fit to do, to convey the real estate if she wants to, at her death what is left to be divided equal between my three children Murry H. Walker, Margaret R. Walker, James R. Walker.

" 'In case she should remarry then the estate is to be put in trust for the surviving children or their heirs. * * *, ''

The administrator with the will annexed brought an action during the lifetime of the widow for construction of the will, and this court held that she took a fee subject to be defeated by her remarriage. Referring to the words "in case she should remarry," the court said:

"By this language of his will he provided against such a contingency, on the happening of which he desired a different disposition of his property for the benefit of his children or their heirs. He did not attempt thereby to limit the fee devised by the first sentence to his wife, but intended to and did provide against a contingency by which the fee devised to her was defeated on its occurrence, namely, her remarriage."

The opinion concluded:

"It is therefore our conclusion that the testator devised to Mary H. Walker a fee simple title to his estate, subject to be defeated by her remarriage, and, in that event, it is to be put in trust for the benefit of his surviving children and their heirs."

If the words "as long as she remains my widow" are eliminated, there can be no doubt that Lizzie J. Walters was given an absolute estate in all of testator's property with a limitation over to others of certain sums out of what might be left at her death. Under the authorities heretofore cited, and many others that might be cited, such a limitation is void. As said in Woods v. Hughes, 290 Ky. 99, 160 S. W. 2d 339, 341:

"Thus when a will devises property to one and a subsequent clause therein devises the same property to another at the death of the first taker, the former takes a life estate and the latter the fee. However, should the subsequent clause only dispose of that portion of the property which the first taker does not dispose of or consume, then such subsequent or limiting clause will be given no effect as the first taker's absolute fee with right of disposition has not been diminished."

The will of W. J. Walters, with the provision as to the remarriage of the widow eliminated, is substantially the same as the will construed in Gwinn v. Gwinn's

Adm'r, 287 Ky. 795, 155 S. W. 2d 227.  The will in that case read:

" 'I hereby bequest—my belongings and property, both personal and real estate to my wife to use as she sees fit, and at her death all that is left to go to Gwinn heirs.' "

It was contended that the widow took a life estate in the property with remainder to the testator's heirs at law, but it was held that she took an absolute estate and the limitation over of what remained at her death was void.  After discussing a number of cases, the court said:

"Under these decisions there can be no doubt that the language of the first part of the will was sufficient to vest a fee simple in the wife.  This being true, the subsequent portion of the will undertaking to devise to the Gwinn heirs whatever might be left after the wife's death is ineffective.  This has been decided so many times by this court as hardly to require citation of authority, but the latest cases dealing with the subject and reviewing all the authorities are Walker v. Butler, 284 Ky. 179, 144 S. W. 2d 210; Scott v. Smith, 286 Ky. 697, 151 S. W. 2d 770; and Barker, etc., v. Eades, 287 Ky. 579, 154 S. W. 2d 546."

The insertion in W. J. Walker's will of the words "as long as she remains my widow" merely created a contingency upon the happening of which the fee devised to the testator's wife was defeated.  Since the contingency never happened, the widow died vested with the fee simple title to all of the testator's property.

The judgment is reversed with directions to enter a judgment in conformity herewith.