BRAMMER et al. v. WALLACE et al.

No. 11435.

United States Court of Appeals
Sixth Circuit.

Aug. 26, 1952.

H. R. Wilhoit, Grayson, Ky., on the brief, for appellants.

W. H. Dysard, Dysard & Dysard, Ashland, Ky., on the brief, for appellees.

Before HICKS, Chief Judge, SIMONS and MILLER, Circuit Judges.

MILLER, Circuit Judge.

This appeal involves the title to certain real estate in Kentucky, owned by George L. Brammer, and disposed of by his last will and testament, the construction of which is herein involved.

George L. Brammer lived in Huntington, West Virginia with his first wife and three children until about 1904, when he and his wife were divorced. Shortly thereafter he moved to Olive Hill, Kentucky, where he lived in the home of Mr. and Mrs. Wallace, who operated a boarding house. Lucy Wallace, their daughter, about 35 years of age, was the moving influence in the family and took care of the business end of operating the boarding house. George Brammer met and married Lucy Wallace. When Brammer moved to Olive Hill he was a man without property, and given to rather dilatory habits, but following his marriage, and no doubt with the assistance of his wife, he began to accumulate property. He had no children by his second wife.

On April 26, 1938, Brammer made his will, which, after directing the payment of his debts and funeral expenses, provided as follows:

"Item II. All the property, real and personal, of every kind and description, wheresoever situated, which I may own or have the right to dispose of at the time of my death, I give, bequeath, and devise to my wife, Lucy Brammer, to use and dispose of as she deems fit, and she is to have full control and use of said property.

"Item III. If at the time of the death of my said wife, Lucy Brammer, she is the owner of and be possessed of any of the property mentioned above, I direct that it be divided equally between my three children, one-third to Floyd Brammer, Huntington, West Virginia; one-third to Edwin Brammer, Huntington, West Virginia; and one-third to Lucille Brammer Washington, Madison, West Virginia."

He named his wife as executrix without bond. Thereafter Floyd Brammer died leaving surviving him one child, Lucille Byrd. She and the two living children of George Brammer are the appellants on this review.

George Brammer died in 1939 leaving personal property appraised at $10,559.30, and real estate in Olive Hill, Kentucky, consisting of a 2-story, seven-room, brick residence located on one and three-fourth acres of land, of an estimated value of from $9,000 to $10,000, a vacant lot of one and one-half acres adjacent to the residential property, of an estimated value of from $1,000 to $1,500, and three parcels of business property in the city, on which were located two buildings of an estimated value of from $8,500 to $16,000. Lucy Brammer, who was then 75 years of age, continued to live in the home at Olive Hill except for

an eight months' visit with a niece in Ashland, Kentucky, and another visit during the winter of 1947–1948 to a brother in Ashland, Kentucky. She also made occasional visits to the children in Huntington, West Virginia. In 1944, Lucy Brammer made her will by which she devised all of her property to her husband's children, Edwin C. Brammer and Lucille Washington and the grandchild Lucille Byrd.

Lucy Brammer had a great-nephew, Clyde Wallace, whose father she had reared as her own child. Clyde Wallace and his wife Avenell Wallace, who are the appellees herein, had been living with Clyde's mother-in-law, but moved into the home with Lucy Brammer some time in 1945, and stayed there until December of 1947 at which time they left following a quarrel between Lucy Brammer and Clyde's wife. They returned to live with Lucy Brammer on May 17, 1949. Lucy Brammer died on March 6, 1950 at the age of 87. During the last few years of her life she was in a frail condition and had trouble getting around. She was confined in a hospital at Ashland on four separate occasions between July 10, 1948 and her death.

On May 2, 1947, Lucy Brammer executed a deed by which, for a recited consideration of $50 cash in hand paid "and other good and valuable considerations" she conveyed to Clyde and Avenell Wallace the one and one-half acre vacant lot. On May 12, 1947, she conveyed to Clyde and Avenell Wallace, for a recited consideration of $5,000 "and other good and valuable consideration," the downtown business property. On June 1, 1949, she conveyed to Clyde and Avenell Wallace, for a recited consideration of $10 cash in hand paid "and other good and valuable considerations," the residential property. With respect to the $5,000 consideration for the business property, the grantees executed a mortgage to Lucy Brammer to secure their note in that amount due ten years after date without interest, the mortgage also providing that Lucy Brammer would receive the rents and income from the property during her lifetime, but in the event of her death before the mortgage became due, Clyde and Avenell Wallace would receive the rents and income thereafter. Under this arrangement, the grantees were responsible for the taxes and maintenance. In October 1945, Lucy Brammer had leased this property to Clyde Wallace for $50 per month for a period of five years with option to renew for an additional five years.

Following the death of Lucy Brammer, this action was brought by the appellants against Clyde and Avenell Wallace in which the appellants claimed to be the lawful owners of the real estate referred to above, as remaindermen under the provisions of the will of George Brammer. On this phase of the case it is their contention that the will conveyed to Lucy Brammer only a life estate in the realty devised coupled with a power of disposition during her lifetime, which power did not include a conveyance without consideration. Evans v. Leer, 232 Ky. 358, 23 S.W.2d 553; Trustees of Presbyterian Church v. Mize, 181 Ky. 567, 205 S.W. 674, 2 A.L.R. 1237. They point out that the nominal consideration recited in the deeds was actually no consideration at all and that the conveyances were for all practical purposes pure gifts, and therefore invalid. Davidson v. Davidson, 180 Ky. 190, 202 S.W. 493; Commissioner of Internal Revenue v. Ehrhart, 5 Cir., 82 F.2d 338. The complaint also sought cancellation of the three deeds on the ground that they had been procured fraudulently and as the result of undue influence exercised by the grantees upon Lucy Brammer. Smith v. Snowden, 96 Ky. 32, 27 S.W. 855. By their answer and counterclaim, Clyde and Avenell Wallace denied the material allegations of the complaint, alleged that the complaint did not state facts sufficient to constitute a cause of action against them, and asked that they be adjudged liens against the property involved to secure them in the repayment of certain taxes, paid by them, and for the costs of certain repairs and improvements made by them, and for an additional sum of $10,000 for services and advances made by them to Lucy Brammer in reliance upon the understanding between them and Lucy Brammer that they would be reimbursed therefor. A reply traversed the allegations of the counterclaim.

It is the contention of the appellees that under the will Lucy Brammer received title in fee in the real estate devised, and that her conveyances to them, even if construed as gifts, were valid. They also contend that in any event she received a life estate with power of disposition, and that the conveyances were not gifts but were in consideration of the care and services performed and to be performed for her by the appellees while living with her during the remainder of her life. Appellants contend that no such contract, either express or implied, is alleged in the pleadings or sustained by the evidence.

The District Judge ruled that it was not the intention of George Brammer to give to Lucy Brammer an absolute fee in the real estate, and that under the will she had the use of the property during her natural life with the full power to dispose of it as she saw fit, but without any power to wilfully dissipate it during her life or to dispose of it by will; that Lucy Brammer received what she in her judgment considered to be full consideration for the deeds, the motive or wisdom of which could not be inquired into by the Court; that she was in good mental condition and subject to no undue influence when she made the deeds; and that by reason thereof Clyde and Avenell Wallace acquired legal title to the real estate in question. Judgment was entered dismissing the action from which this appeal was taken.

■ Prior to the decision of the Court of Appeals of Kentucky in Hanks v. McDanell on April 23, 1948, 307 Ky. 243, 210 S.W.2d 784, 17 A.L.R.2d 1, it was the established rule in Kentucky that if the absolute estate in property is devised to a first taker, a limitation over to another of what may be left of the property at the death of the former is void. If, however, the first taker is given a life estate, though with power to use the principal as provided by the will, and there is then a limitation over of what is left at his death, the limitation is valid. Scott v. Smith, 286 Ky. 697, 701, 151 S.W.2d 770. In Hanks v. McDanell, supra, it was recognized that this long established rule in Kentucky very often conflicted with the universally applied rule that the intent of the testator, as gathered from the four corners of the instrument, prevails in the consideration of any will, unless such intent conflicts with some statutory provision, or is against public policy. It was accordingly held in that case that the former rule, described as the "Biting" rule, would not thereafter be followed. The new rule was held to be prospective only, and in Stewart v. Morris, 313 Ky. 424, 231 S.W.2d 70, it was held that the new rule would not apply in any case where the testator died before April 23, 1948. The old or so-called "Biting" rule accordingly controls the decision in this case.

There is some confusion and what appears to us to be conflict in the Kentucky cases in the application of the rule. Since it rarely occurs that the wording in any two wills is exactly the same, there are numerous decisions holding that under the particular wording in question the limitation over was void or that the limitation over was valid. We will make no attempt to reconcile them here, and believe it sufficient to refer to the opinion in Scott v. Smith, supra, as furnishing an excellent discussion of the question, together with an analysis of a number of the apparently conflicting decisions.

■ As pointed out in that case, our present problem must be distinguished from the problem presented where property is devised to one absolutely, and there follows a limitation over of *the very property so devised,* rather than the residue remaining at the death of the first taker. In such cases the limitation over is given effect. Ewering v. Ewering, 199 Ky. 450, 251 S.W. 645; Ridley v. Shepard, 293 Ky. 91, 93–94, 168 S.W.2d 550.

■■ We address ourselves then to this question. Did Item II of the will of George Brammer convey to Lucy Brammer a fee simple title? If so, the limitation over to the appellants in Item III is void. § 381.-060 Ky. Revised Statutes provides:—"Unless a different purpose appears by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor

or testator had power to dispose of." In our opinion, when George Brammer bequeathed and devised to Lucy Brammer his entire estate, to use and dispose of as she deemed fit, he conveyed a fee under the section of the statute above quoted. As stated in Scott v. Smith, supra [286 Ky. 697, 151 S.W.2d 776], "The power to sell or dispose of as the devisee may deem proper, carries the fee." The additional words "and she is to have full control and use of said property" emphasize the character of the "use" also given her, while she held the property prior to any disposition of it by her, rather than constituting the *necessary* inference, as required by the statute, that the testator intended to revoke the power of disposition given in the preceding portion of the same sentence in the will.

In Scott v. Smith, supra, the testator bequeathed and devised all of his property of every description to his wife "for her to use and manage and dispose of as she thinks best * * *." The will later provided " 'At the death of my said wife I will and bequeath any property then left to be divided equally between my two children * * *.' " The Court held that the widow took a fee and that the limitation over to the children was void. The opinion pointed out that when the will bequeathed and devised all of the testator's property of every description to the widow, there could be no question under the Kentucky law but that the wife took the fee to the property devised. It then stated that the additional words were not words of limitation but rather emphasized that the testator intended his wife to have disposition of the property as she pleased. The opinion stated—"When he empowered her 'to use and manage and dispose of as she thinks best,' he clothed her with the insignia of full and complete ownership of the property. * * *" In our opinion, this case is very close to the case at bar.

In Gwinn v. Gwinn's Adm'r, 287 Ky. 795, 155 S.W.2d 227, the will provided—"I hereby bequest—my belongings and property, both personal and real estate to my wife to use as she sees fit, and at her death all that is left to go to Gwinn heirs." The Court held that the will vested a fee simple title

in the widow. In Duncan v. Cole, 303 Ky. 746, 199 S.W.2d 438, the testator "willed" his property to his wife "to do and use as She may for Her Good and her benefit? and at Her death If Enny thing Should Remain my will Is * * *." The Court held the limitation over void. In both of these cases the right to "use" the property did not negative the intent to give the wife a fee. See also Sumner v. Borders, 266 Ky. 401, 98 S.W.2d 918; Walker v. Butler, 284 Ky. 179, 144 S.W.2d 210; Ridley v. Shepard, 293 Ky. 91, 168 S.W.2d 550.

The District Judge relied strongly upon Wintuska v. Peart, 237 Ky. 666, 36 S.W.2d 50, and Berner v. Luckett, 299 Ky. 744, 186 S.W.2d 905. In Wintuska v. Peart, supra, the Court recognized the established rule that when the first taker is given an unlimited power to dispose of the property as he sees fit the first taker has all the attributes of a fee. However, the Court said that the unlimited power of disposition amounting to a fee comprises not only conveyances inter vivos, but also the power to dispose of by will if the devisee so wishes. In that case, the Court construed the provisions of the will as expressly restricting the right of the first taker to dispose of the property by will as well as by deed and so declined to give the first taker a fee. In the present case, we find no such restriction on the power of disposition.

In Berner v. Luckett, supra [299 Ky. 744, 186 S.W.2d 905] the testator bequeathed his estate of every kind and description to his wife "with full power to sell, mortgage or otherwise convey or dispose of any part of same and pass a good and valid title thereto. At the death of my said wife, I desire all of the property undisposed of by her to go to my children, share and share alike." The Court held that the widow took only a life estate under the will. The Court said—"We take this position because we think this is a clear-cut case where a review of the instrument as a whole shows that it was never Mr. Bills' intention to give an absolute fee to his wife with unlimited power of disposition." In the present case, we do not believe that the will considered as a whole indicates an intention to restrict the power of disposition. In any event, the Court declined to follow the ruling in Berner v.

Luckett, supra, in Stewart v. Morris, 313 Ky. 424, 231 S.W.2d 70, which though decided subsequent to April 23, 1948, nevertheless involved a will made by a testator who died prior to April 23, 1948. In Stewart v. Morris, the testator bequeathed his estate to his wife "to use as She cares to after payment of my debts & Furnal expences. I want her to act as Administrator. Without Bond and at her Death and her Furnal expences are Paid if anything is left to be equely divided between my children namely * * *." The Court citing Gwinn v. Gwinn's Adm'r, supra, held that the widow took title in fee to the property devised by her husband's will. One Judge dissented upon the authority of Berner v. Luckett, supra. In this case, as in others hereinbefore referred to, the widow was given the right to *"use"* the property, rather than the right to *"dispose"* of the same. No later case involving the application of the old rule has been cited to us.

Under this view of the case, Lucy Brammer acquired a fee in the property devised to her by the will of her husband, which makes it unnecessary to consider whether the conveyances by her to the appellees were without consideration. The finding of the District Judge that she was in good mental condition and subject to no undue influence when she made the deeds appears to be fully supported by the testimony. Although differing with the reasons given by the District Judge, we have reached the same conclusion as was reached by him. Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224.

The judgment is affirmed.