Marie B. BOYD, as Executrix of Linn Boyd, Deceased, Plaintiff,

v.

William M. GRAY, District Director of Internal Revenue, Louisville, Kentucky, Defendant.

Civ. A. No. 847.

United States District Court
W. D. Kentucky,
Paducah Division.

Nov. 8, 1957.

---

3. Mutual Benefit Life Insurance Company v. Tisdale, 1875, 91 U.S. 238, 23 L.Ed. 314.

4. 38 U.S.C.A. § 810.

James G. Wheeler, Ralph Schuette, Paducah, Ky., for plaintiff.

J. Leonard Walker, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

Linn Boyd died November 25, 1951, a resident of the Western District of Kentucky; his widow, Marie B. Boyd, and a son Linn Boyd, Jr., survived. He died testate and his will is as follows:

"Last Will and Testament of Linn Boyd

"I, Linn Boyd, of Paducah, McCracken County, Kentucky, do make, publish and declare this to be my last will and testament, hereby revoking all wills heretofore made by me.

"*Item I.*

"I direct that all my just debts and funeral expenses be paid by my Executrix hereinafter named as soon as practicable.

"*Item II.*

"After the payment of all my just debts and funeral expenses, I give, devise and bequeath to my wife, Marie B. Boyd, all of the residue of my property, real and personal, to be used, enjoyed and disposed of by her in any way she may choose, with this provision, however, that should any of said property belonging to my estate remain at the death of my said wife, the same shall pass to and become the property of my son, Linn Boyd, Jr.

"*Item III.*

"In the event that my son, Linn Boyd, Jr., shall die without issue prior to the death of my said wife, and any real property belonging to my estate shall remain undisposed of by her at the time of her death, I devise five twenty-fourths (5/24ths) interest in said property to my cousin, William H. Burnett, and three twenty-fourths (3/24ths) interest in said property to my cousin, Jack Rieke Toof, said undivided interests to pass to my said cousins absolutely and in fee simple.

"*Item IV.*

"I nominate and appoint my wife, Marie B. Boyd, Executrix of this will and request that no bond be required of her."

Marie B. Boyd, as Executrix under the will, filed a return under the provisions of the Internal Revenue Code of 1939 and, in accordance with her construction of Section 812(d) (1) (A) of the Revenue Code, 26 U.S.C.A. § 812(e) (1) (A), deducted $59,833.95 as the marital deduction, which resulted in there being no net estate subject to the tax. The Commissioner of Internal Revenue determined a deficiency which, with interest, was paid by Marie B. Boyd. She timely filed this action to recover the amount of the assessment, with interest, after her claim for refund had been officially disallowed on March 3, 1955. The complaint in this action was filed September 23, 1955. The action was submitted on a stipulation of facts filed October 23, 1956.

The facts are not in dispute, and are substantially as stated above. The gross estate of the decedent amounted to $122,-

957.16; the amount of the funeral expenses and debts aggregated $3,289.25; the marital deduction resulted in there being no net estate, according to the return of the Executrix; the amount of the assessment was $6,972.66, upon which the plaintiff paid interest of $386.93, so that the total amount involved and sought to be recovered by the plaintiff in this action is $7,359.59 with interest accruing since the date of payment. As stated in the stipulation filed by the parties, "The sole issue involved herein is whether the decedent's estate is entitled to the claimed marital deduction under the provisions of Section 812(e) of the Internal Revenue Code of 1939, on that part of the residuary estate which the decedent willed to his surviving wife subject to the terms and conditions of his last will and testament, as contended by plaintiff, or whether the Commissioner correctly determined that the part of decedent's residuary estate which he willed to his wife with remainder to his son or cousins at the death of his wife, created for his wife a 'terminable interest' within the meaning of Section 812 (e) (1) (B), for which interest no marital deduction is allowable." The Court adopts the facts as stipulated by the parties.

It will be noted that Item II of the will devises to Marie B. Boyd the entire residuary estate "to be used, enjoyed and disposed of by her in any way she may choose." The testator then provided that should any of the property belonging to his estate remain at the death of his wife the same should pass to his son, Linn Boyd, Jr.

In Item III he provided that, in the event his son should die without issue prior to the death of decedent's wife, one-third of the real estate belonging to his estate remaining undisposed of at the death of his wife should pass to decedent's cousins. The will does not undertake to dispose of the remaining two-thirds undivided interest in any real estate remaining in decedent's estate at the time of his wife's death in the event his son had predeceased her.

The pertinent portion of the Internal Revenue Code of 1939 involved provides:

"§ 812. Net estate

"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\*  \*  \*  \*  \*  \*

"(e) [As added by Sec. 361(a) of the Revenue Act of 1948, c. 168, 62 Stat. 110] *Bequests, etc., to surviving spouse.*

"(1) *Allowance of marital deduction.*

"(A) *In general.* An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

"(B) *Life estate or other terminable interest.* Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

"(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

"(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under clauses (i) and (ii))—

"(iii) if such interest is to be acquired for the surviving spouse,

pursuant to directions of the decedent, by his executor or by the trustee of a trust."

The first question of law in dispute is whether the federal law or the law of the State of Kentucky should control the determination of the right or interest created by the will in decedent's widow.

The Government contends that state court decisions, construing property rights or interests under the laws of the state, have conclusive effect in determining such property rights or interests to be taxed.

The plaintiff claims that, in passing upon federal questions arising under Internal Revenue Acts, the federal courts are not bound by state laws or decisions of state courts on questions incidental, preliminary or collateral to the ultimate federal question, and that this is necessarily so in order that the federal Acts may have uniform application in every state and not be limited or enlarged in their operation by any particular view taken under any state law on incidental or preliminary questions; relying on Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119; Nashville Trust Company v. Cotros, 6 Cir., 120 F.2d 157, and Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585.

The Government contends, on the other hand, that the federal law controls what rights or interests shall be taxed under a federal statute, but that the determination of the rights or interests created in property by will or deed is under the state law; citing Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L. Ed. 189; Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154; United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913; Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585, and Brammer v. Wallace, 6 Cir., 198 F.2d 742. It is the Government's contention that under Kentucky law the plaintiff, Marie B. Boyd, took a life estate in the residuum of decedent's estate which, being a terminable interest, did not entitle her to the benefit of the marital deduction.

Plaintiff's contention is that the interest received by her was in effect a fee simple and complete title to the property because of the absolute power given her to dispose of all or any part of the property in any manner she may choose.

It is stated by counsel for the Government in its brief, "It is basic to any problem involving the construction of a will that the intent of the testator, *as gathered from the four corners of the instrument,* should prevail. In the instant case, the decedent *obviously did not intend to give to his surviving wife a fee simple interest* in the residue of his estate." (Emphasis added.) We presume that the idea of gathering the intent of the testator "from the four corners of the instrument" is the equivalent of saying that the meaning and legal effect of the document should be determined by reading the document as a whole, giving effect to all its provisions not in conflict with each other, and construing ambiguities in the light of circumstances shown to have surrounded the document and those involved in its execution and effect.

Viewed from this standpoint, it is plausible to conclude from Linn Boyd's will that he intended for his wife to enjoy the full benefit of his property with full right to sell and dispose of all or any part of it solely as she desired without restraint or limitation. No language that he could have used would have more completely vested in her a fee simple right and title in his property so far as its use, enjoyment, and disposition (except by will) are concerned. The provision that at her death if any of the property belonging to him at the time of his death should remain undisposed of by his widow that property should pass to his son, and if his son had predeceased his widow without issue one-third of the real estate then remaining, if any, of his property owned by him at his death should pass to his cousins, sounds more as a precatory devise than an outright direction as to the descent of property; precatory in the sense of requesting his

wife, unless her reasonable desires and necessities required her disposition of the property, to permit the property to pass to decedent's only blood heir, who was also the sole prospective heir of his widow.

The Government, however, insists that the interest of Marie B. Boyd under this will is determined by Kentucky law and that, under the decisions of the Court of Appeals of Kentucky beginning with Hanks v. McDanell, 307 Ky. 243, 210 S. W.2d 784, 17 A.L.R.2d 1, decided April 23, 1948, it must be determined in this case that Marie B. Boyd received merely a life estate with power of disposition, a "terminable interest" which cannot justify a marital deduction under the provisions of the federal estate statutes.

The United States Court of Appeals for the Sixth Circuit considered, in the case of Brammer v. Wallace, 198 F.2d 742, a will very similar to the will involved in the case at Bar. George L. Brammer devised all of his property to his wife to use and dispose of as she might deem fit and to have full control and use of the property. In a subsequent clause of the will it was provided that, as in the Boyd will, at the death of Mrs. Brammer any of the property devised under George L. Brammer's will remaining and owned and possessed by the widow should be divided equally between three children of his first marriage (Lucy Brammer being a second wife by whom decedent had no children). It was decided by this Court that Lucy Brammer acquired the fee simple title; but this decision was reached because George L. Brammer died in 1939, prior to the decision in Hanks v. McDanell, supra, in 1948, and under that decision its doctrine should apply only prospectively where the testator died subsequent to April 23, 1948.

Prior to the decision in Hanks v. McDanell, supra, the rule in Kentucky was that, if an absolute estate in property is devised to a first taker, a limitation over to another of what may be left of the property at the death of the first taker is void; but that a devise to a first taker of a life estate or fee with a subsequent limitation of *all* the property devised to the first taker over to a second taker gives to the first taker a life estate, or if the first taker's interest is limited by the will or deed to a life estate and then a limitation over to a second taker, in either event first taker's interest is that of a life estate.

Brammer v. Wallace, supra [198 F.2d 745], was not controlled by Hanks v. McDanell; but, as said by Judge Miller in the Brammer case, "There is some confusion and what appears to us to be conflict in the Kentucky cases in the application of the rule." He refers the interested reader to Scott v. Smith, 286 Ky. 697, 151 S.W.2d 770, as furnishing an analysis of the apparently conflicting decisions. The Brammer opinion then quotes Section 381.060, Kentucky Revised Statutes, which provides:— "Unless a different purpose appears by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of." The opinion then says, "when George Brammer bequeathed and devised to Lucy Brammer his entire estate, to use and dispose of as she deemed fit, he conveyed a fee under the section of the statute above quoted. As stated in Scott v. Smith, supra [286 Ky. 697, 151 S.W.2d 776], 'The power to sell or dispose of as the devisee may deem proper, carries the fee.' The additional words 'and she is to have full control and use of said property' emphasize the character of the 'use' also given her, while she held the property prior to any disposition of it by her, rather than constituting the *necessary* inference, as required by the statute, that the testator intended to revoke the power of disposition given in the preceding portion of the same sentence in the will."

The case of Hanks v. McDanell, supra, changed the rule. In that case the decedent devised all of the residue of his property to his wife to be used, enjoyed and disposed of by her in any way she

may choose, with the provision that any property belonging to his estate remaining at the death of his wife should be divided equally among certain designated persons. The language of the wills in the case of Hanks v. McDanell and the case at Bar is almost identical, and unquestionably the plain holding of the Kentucky court in the Hanks case as applied to this case confines the interest of Marie B. Boyd to a life estate and denies to the estate the benefit of the marital deduction. The Hanks case has been followed by Jacob v. Barnard, 307 Ky. 321, 210 S.W.2d 972; Weakley v. Weakley, Ky. 237 S.W.2d 524; Collings v. Collings' Ex'rs, Ky., 260 S.W.2d 935; Mitchell v. Mitchell, Ky., 276 S.W.2d 470, and McKee v. Hedges, Ky., 297 S.W.2d 45, 47.

The will in the case of McKee v. Hedges, supra, decided October 12, 1956, devised to the widow the residuary estate without express power of disposition except authority "at her death [to give the property] to some fund that she may see fit." In holding that the widow took only a life estate, the opinion said, "He (decedent) gave his wife no power of disposition, except the limited power to appoint and there is nothing in the will to show that he wanted his wife to have the estate in fee; but rather he expressed an intention for her to only have a life estate because as soon as he gave the property to her he immediately provided what should become of it at her death." Further in the opinion the Kentucky Court of Appeals said, "But where the life tenant, as here, is not given the power to sell and dispose of the estate without limitation, the life estate is not enlarged into a fee just because the will did not dispose of the remainder of the estate."

This Court, in considering Linn Boyd's will in this case, has been of the opinion that the power to sell and dispose of the estate given by the decedent to his wife would determine her estate to be a fee. A careful consideration of the 220-page annotation to the case of Hanks v. McDanell, pages 7 through 227 of 17 A.L.R. 2d, clearly indicates the contrary. At page 64 of the annotation, supra, it is stated, "An express giving of power of disposition to the first taker has frequently been regarded as indicative of an intent that he take less than the general ownership, since if one is given property outright a specification of powers of disposition is superfluous." And, on the same page, "Inasmuch as the power of disposition is incident to ownership and need not be expressly conferred, the expression of power of disposition in the first taker, even though not clearly intended to be limited in character, is often regarded as arguing that a mere life interest and not the general ownership is given him, so as to permit the upholding of the limitation over as a remainder."

There can be little doubt that, under the doctrine of Hanks v. McDanell, the interest devised to Marie B. Boyd is a "terminable interest", a life estate coupled with the power of disposal. The language of the wills in the two cases is almost identical.

It is therefore, the conclusion of the Court:

▉ (1) that the determination of the estate or interest devised to Marie B. Boyd is controlled by Kentucky law;

▉ (2) that under Kentucky law she was devised a life estate with power of disposition during her lifetime;

▉ (3) that Section 812(e) (1) (B) of the Internal Revenue Code of 1939 does not authorize the marital deduction taken by the Executrix in the return;

▉ that the action of the Commissioner, in assessing the deficiency tax paid by the executrix, was proper;

▉ that the Executrix is not entitled to recover the deficiency tax assessed against and paid by her, and that her complaint herein must be dismissed.

Appropriate judgment will be tendered by counsel for the defendant upon notice.