**Marie B. BOYD, as Executrix of Linn Boyd, Deceased, Plaintiff,**

v.

**William M. GRAY, District Director of Internal Revenue, Louisville, Kentucky, Defendant.**

**Civ. A. No. 847.**

United States District Court
W. D. Kentucky,
at Paducah.
June 16, 1959.

Wheeler & Marshall, Paducah, Ky., for plaintiff.

J. Leonard Walker, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

This case is before this Court a second time pursuant to an order entered by the Court of Appeals for the Sixth Circuit, 261 F.2d 914, on December 23, 1958, remanding the case to this Court to consider the effect of the Technical Amendments Act of 1958 upon the issues involved here. The judgment of this Court was entered December 2, 1957, dismissing the plaintiff's petition for the reasons set forth in a memorandum opinion filed November 2, 1957, and reported in 162 F.Supp. 307. Pending the appeal, the Technical Amendments Act of 1958 became effective September 2, 1958, and, by Section 93 of that Act, Section 812 (e)(1)(F) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 812(e)(1) (F), was amended. It was under this last named section of the Internal Revenue Code that the case was formerly determined by this Court.

The amendment here involved is applicable to the estates of decedents dying after April 1, 1948 and before August 17, 1954 (the effective date of the 1954 Internal Revenue Code). The purpose of the amendment was to conform the marital deduction provision of the 1939 Code with the more realistic rules of Section 2056 of the 1954 Code, 26 U.S. C.A. § 2056. The amendment is as follows:

"Sec. 93. Bequests, etc., To Surviving Spouse.

"(a) *Amendment of 1939 Code.*—Section 812(e)(1)(F) of the Internal Revenue Code of 1939 (relating to trust with power of appointment in surviving spouse) is amended to read as follows:

"'(F) *Life Estate With Power of Appointment in Surviving Spouse.*—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

"'(i) the interest or such portion thereof so passing shall, for purposes of subparagraph (A), be considered as passing to the surviving spouse, and

"'(ii) no part of the interest so passing shall, for purposes of subparagraph (B) (i), be considered as passing to any person other than the surviving spouse.

"This subparagraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.'

"(b) *Effective Date.*—The amendment made by subsection (a) shall apply with respect to estates of decedents dying after April 1, 1948, and before August 17, 1954. If refund or credit of any overpayment resulting from the application of such amendment is prevented on the date of the enactment of this Act, or at any time within one year from such date, by the operation of any law or rule of law (other than section 3760 of the Internal Revenue Code of 1939 or section 7121 of the Internal Revenue Code of 1954, relating to closing agreements, and other than section 3761 of the Inter-

nal Revenue Code of 1939 or section 7122 of the Internal Revenue Code of 1954, relating to compromises), refund or credit of such overpayment may, nevertheless, be made or allowed if claim therefor is filed within one year after the date of the enactment of this Act. No interest shall be allowed or paid on any overpayment resulting from the enactment of this section."

Linn Boyd died November 25, 1951. Under the retroactive provisions of the Technical Amendments Act, the vital question in this case now is whether or not, under the terms of Linn Boyd's will and the applicable laws of the State of Kentucky, decedent's surviving widow, Marie B. Boyd, is entitled for life to all the income from the residuum of Linn Boyd's estate with power to appoint the entire interest in all events.

■■ We adhere to our former decision that the estate or interest devised to Marie B. Boyd is controlled by Kentucky law and that, under the "Polar Star Rule" set forth in Hanks v. McDanell, 307 Ky. 243, 210 S.W.2d 784, 17 A.L.R.2d 1, she was devised a life estate with power of disposition "in any way she may choose."

■ Counsel for the Commissioner insists that, under Hanks v. McDanell, supra; Swango v. Swango's Administrator, 313 Ky. 495, 232 S.W.2d 347; Collings v. Collings, Ky., 260 S.W.2d 935; Weakley v. Weakley, Ky., 237 S.W.2d 524, and St. Joseph Hospital, Lexington v. Dwertman, Ky., 268 S.W.2d 646, there is imposed upon the power of disposition and encroachment by Marie B. Boyd in this case a limitation prohibiting waste or a gift of the estate to prevent the remainderman from taking under the will and that such limitation, not measuring up to the statute's requirement of "in all events", prevents the allowance to the widow of the marital deduction. In short, he contends that the amendment is ineffective in the case at bar to authorize the marital deduction.

The only cases cited and discussed by counsel, or found by the Court, involving

Section 93 of the Technical Amendments Act with facts similar to the case at bar are from the Fifth Circuit: Stallworth's Estate v. Commissioner, decided August 1, 1958, 260 F.2d 760, and McGehee v. Commissioner, decided August 18, 1958, 260 F.2d 818, 820. Each case pertains to the review of a decision of the Tax Court. The case of Stallworth's Estate involved the law of Alabama, and the McGehee case the law of Florida. The Stallworth case involved a trust created under decedent's will, but the language of the will in the McGehee case is strikingly similar to the will in the case at bar. Delia Crawford McGehee made this provision for her husband:

"Item II. I give, devise and bequeath to my beloved husband, Matthew Rives McGehee, all of my property of every kind, character and description whatsoever, real, personal and mixed, and wheresoever situated, of which I may die seized and possessed in fee simple, and with full power to dispose of same and to use the income and corpus thereof in such manner as he may determine without restriction or restraint. Provided, however, that if my said husband shall, at the time of his death, own or be possessed of or entitled to any of my said property, then upon his death I give, devise and bequeath one-half of such residue and remainder of my property not disposed of by my husband during his lifetime to my brothers and sisters, or in the event any of my brothers or sisters shall predecease me, then the share of such brother or sister shall go to the heirs-at-law of such deceased brother or sister. The other half of such property, I give, devise and bequeath to the brothers of my said husband and to the heirs-at-law of any deceased brother of my said husband, such heirs-at-law to take the share to which their parent would have been entitled if then in life."

Linn Boyd devised the residuum of his estate, after the payment of indebtedness

**60**

and funeral expenses, to his wife "to be used, enjoyed and disposed of by her in any way she may choose, with this provision, however, that should any of said property belonging to my estate remain at the death of my said wife, the same shall pass to and become the property of my son, Linn Boyd, Jr."

The McGehee will undertook to devise to the first taker all of her property in fee simple with full power of disposition, both as to income and corpus, without restriction or restraint. Linn Boyd devised his property to his wife to be used, enjoyed and disposed of in any way she might choose.

In both the Stallworth and McGehee cases, supra, the Appellate Court determined that no part of either estate qualified for a marital deduction. In both cases, however, petitions for rehearing were filed following the effective date of the Technical Amendments Act on September 2, 1958. In the Stallworth case the Commissioner conceded that under the amendment the deduction was allowable, and the Court so decided after granting the petition for rehearing. In the McGehee case the Commissioner contended, as he does in the case at bar, that the deduction was not allowable because the surviving husband, under the terms of the will involved, could not have made gifts to charities or friends and thereby defeat the interest of the remaindermen. The Court said, "She (Mrs. McGehee) gave her husband her property 'in fee simple with full power to dispose of the same and to use the income and corpus thereof in such manner as he may determine, without restriction or restraint.' This language, as we read it, evidences an intent to vest in the husband of the testatrix an unrestricted power of disposition including the power to make gifts. Indeed it is difficult to see how the intent could have been more clearly expressed."

It is not shown in the case at bar that there is any substantial difference between the applicable law of the State of Kentucky and the laws of the State of Alabama in the Stallworth case and the State of Florida in the McGehee case controlling the interest devised to the "first taker." The decisions in the Stallworth and McGehee cases seem to carry into effect the expressed intent of Congress in enacting the Technical Amendments Act of 1958. Following the reasoning and results in those two cases, we think it clear that the taxpayer in the case at bar is entitled to the marital deduction.

We, therefore, conclude that the plaintiff, Marie B. Boyd, as Executrix of the Estate of Linn Boyd, is entitled to recover $6,687.07 with interest as provided by law from May 25, 1955.

Counsel for plaintiff will submit judgment upon notice in accordance herewith.