**Bess H. COLLINGS, Executrix of the Estate of Ben H. Collings, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 3932.

United States District Court
W. D. Kentucky,
at Louisville.

Dec. 28, 1961.

Chas. I. Dawson, Robert S. Dorsey, Louisville, Ky., for plaintiff.

Wm. E. Scent, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

This case was filed March 1, 1960, by Bess H. Collings, executrix of the estate of her deceased husband, Ben H. Collings, against the United States of America to recover tax paid as the result of an allegedly erroneous denial of a marital deduction to the Estate of Ben H. Collings in its Federal Estate Tax return. The tax was paid as adjusted and demanded by the District Director of Internal Revenue at Louisville, Kentucky, including the additional estate tax. After the passage of the 1958 Technical Amendments Act, a claim for refund was filed on the ground that the portion of the Technical Amendments Act amending Section 812 (e) (1) (F) of the 1939 Internal Revenue Code entitled plaintiff to a refund, which claim was not allowed.

There is no dispute between the plaintiff and the Government as to the facts and they have been stipulated as follows:

1. Plaintiff, Bess H. Collings, Executrix of the Estate of Ben H. Collings, Deceased, is the duly qualified and acting executrix of said estate under appointment of the Jefferson County Court at Louisville, Kentucky, and her qualification as such is in full force and effect.

2. The taxes and interest in question in this case were collected by the District Director of Internal Revenue at Louisville, Kentucky, the amount being a part of the taxes paid to the District Director by plaintiff in two separate payments, one on June 25, 1952, in the amount of $94,282.29, and the other on June 26, 1953, in the amount of $137,620.14, the

latter amount representing $130,000.00 tax and $7,620.14 as estimated interest thereon.

3. This action arises under Title 26 United States Code.

4. The decedent, Ben H. Collings, died testate on April 3, 1951, a resident of Louisville, Jefferson County, Kentucky. Bess H. Collings, his wife, and William Furlong were duly appointed as co-executors of his will. William Furlong subsequently resigned as a co-executor and was dismissed as such by the Jefferson County Court. The Federal Estate Tax return of the decedent, Ben H. Collings, was duly filed in the office of the District Director and a marital deduction of $422,855.17 was claimed thereon. The tax shown to be due on the return in the amount of $94,282.29 was paid to the District Director on June 25, 1952.

5. Subsequent to the filing of the Federal Estate Tax return of Ben H. Collings, a determination was made by the District Director substantially adjusting the Federal Estate Tax liability of decedent's estate. The adjustment resulted chiefly from the reduction of the amount of the marital deduction, claimed as $422,855.17, to $76,091.75, being an addition in value to the estate of $346,763.42. As a result of this adjustment, an additional Estate Tax was determined to be due in the amount of $122,635.68 with interest thereon in the amount of $7,208.63, or a total of tax and interest due in the amount of $224,126.60 (the latter amount included the $94,282.29 tax previously paid as shown to be due by the return).

6. The relevant portion of the will of the decedent, Ben H. Collings, probated April 13, 1951, in the Jefferson County Court reads in part as follows:

"     *  *  *

"3. All the rest and residue of my estate, real, personal and mixed, of whatever kind and description and wherever situated, I will, devise and bequeath to my beloved wife, Bess H. Collings.

"4. Any part of my estate remaining undisposed of at the time of the death of my said wife, I will and bequeath to my cousin, Lowell Anderson Collings. Should he not survive her, then to his descendant, if he leaves any, and if not, to my heirs at law.

"     *  *  *      ."

7. August 6, 1959, plaintiff mailed to the District Director of Internal Revenue, Louisville, Kentucky, a claim for refund in the amount of $109,091.21, representing $103,034.71 tax and $6,056.46 interest previously paid on such amount as a result of the determination of the District Director referred to hereinabove. The claim for refund was acknowledged by the District Director as having been received in his office on August 10, 1959.

8. Shortly after the death of Ben H. Collings, plaintiff herein instituted an adversary proceeding in the Jefferson County Court against Lowell Anderson Collings [named in the will of Ben H. Collings] seeking a determination of the same dispositive provisions which are in issue in this action. The decision of the Jefferson County Court was appealed to the Kentucky Court of Appeals which reversed the lower court's decision. Collings v. Collings' Ex'rs, 260 S.W.2d 935 (Ky.1953).

9. After pursuing the administrative procedures provided to no avail, on February 17, 1960, plaintiff executed a Waiver of Statutory Notification of Claim Disallowance (Form 2297) and delivered same to Mr. Myer Galanter, Appellate Division, Internal Revenue Service, P.O. Box 1588, Louisville 1, Kentucky, on February 18, 1960.

10. The only issue in this case is whether the Estate of Ben H. Collings is entitled to a marital deduction for the property passing to his widow under the terms of his will by virtue of Section 93 of the Technical Amendments Act of 1958, which amended Section 812(e) (1) (F) of the Internal Revenue Code of 1939.

The Technical Amendments Act of 1958 became effective September 2, 1958. Section 812(e) (1) (F) of the Internal

Revenue Code of 1939 (26 U.S.C.A. § 812 (e) (1) (F)) was amended so that its provisions would substantially comport with the provisions of the Internal Revenue Code of 1954 applicable to the estates of decedents dying after April 1, 1948 [§ 93(b), 26 U.S.C.A. § 812 note] when the provisions of the Technical Amendments Act of 1953 expired.

The plaintiff insists that this Court follow its decision in Boyd v. Gray, D.C., 175 F.Supp. 57. In its brief, the Government insists that the Boyd case supports its contention that the plaintiff here is not entitled to the relief sought, and that the decision in the Boyd case is distinguishable because of the language in the will. Moreover, in the case at bar, the Kentucky Court of Appeals has determined that the will of Ben H. Collings gave to his surviving widow, plaintiff Bess H. Collings, a life estate with the right to dispose of the property for her own use and benefit during her lifetime, but limited her disposition of it at her death and conferred no right upon her to alien the property by gift or to dispose of it by will. See Collings v. Collings' Ex'rs, 260 S.W.2d 935.

In the Boyd case there had been no judicial construction of the will of Linn Boyd, and its language gave to the surviving widow, Marie Boyd, all of the residue of decedent's property "to be used, enjoyed, and disposed of by her *in any way she may choose.*" (Emphasis added.)

Treasury Regulation 105, 1939 Code, Section 81.47a(c) (7) provides:

"(I)f there are any restrictions, either by the terms of the instrument or under applicable local law, on the exercise of the power to consume property (whether or not held in trust) for the benefit of the spouse, the power is not exercisable in all events. Thus, if a power of invasion is exercisable only for the spouse's support, or only for her limited use, the power is not exercisable in all events. In order for a power of invasion to be exercisable in all events, the surviving spouse must have the unrestricted power exercisable at any time during her life to use all or any part of the property subject to the power and to dispose of it in any manner, including the power to dispose of it by gift *(whether or not she has the power to dispose of it by will).*" (Emphasis added.)

In construing the Boyd will, the writer felt that the language unmistakably conferred upon the surviving widow, Marie Boyd, the right to use and enjoy the property devised to her and to dispose of it in any way she might choose; that the gift over of the property undisposed of by Marie Boyd at the time of her death might prevent the gift to her from being in fee but did not limit, restrict, or qualify her power of disposition, and that her unqualified power of disposition determined her right to a marital deduction. The language of the will was read as evidencing an intent to vest in Marie Boyd an unrestricted power of disposition, and as said by the court in McGehee v. Commissioner, (CA 5) 260 F.2d 818, 824, "It is difficult to see how the intent could have been more clearly expressed."

█ The parties to this proceeding are in accord that under the Federal judicial system it is basic that a State court's construction of a will is controlling for purposes of applying the Federal Estate Tax. Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154; Morgan v. Commissioner, 309 U.S. 78, 626, 60 S.Ct. 424, 84 L.Ed. 585, 1035.

█ In a very recent case in this Court, Civil No. 3989, Jane G. Piatt et al., etc. v. Wm. M. Gray, etc., 201 F.Supp. 401, decided November 29, 1961, Judge Henry L. Brooks considered whether the will og Thomas Carr Piatt entitled his estate to the marital deduction and held that it did not since the bequest to the surviving spouse was "for and during her natural life." He reviewed the authorities involving the allowance of the marital deduction, including the McGehee and Boyd cases, supra. However, the Piatt case is distinguishable from the McGe-

hee and Boyd cases by the language of the will.

In the case at bar, the language of the will is not as broad as that of the Boyd will. In addition, the very clear and lucid opinion of the Kentucky Court of Appeals has held that the Collings will conferred upon the surviving widow a life estate with power of disposition only for her support and comfort, which does not qualify the estate for a marital deduction.

Accordingly, a judgment is this day entered dismissing the complaint.